IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| FEDLOAN STUDENT LOAN SERVICING LITIGATION | : : | Case No. 18-md-02833 |
| | : | JUDGE C. DARNELL JONES II |

**MEMORANDUM IN OPPOSITION OF
DEFENDANT PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY TO
MOTION TO APPOINT LOWEY DANNENBERG P.C. AS INTERIM CLASS
COUNSEL, ESTABLISH AN EXECUTIVE COMMITTEE, AND FOR LEAVE TO FILE
A CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Now comes Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA"), by and through counsel, and in response to the Motion To Appoint Lowey Dannenberg P.C. As Interim Class Counsel, Establish An Executive Committee, And For Leave To File A Consolidated Amended Class Action Complaint, (ECF 1) (The "Motion"), states as follows:

1. PHEAA takes no position on the Motion to the extent Lowey Dannenberg seeks appointment as interim class counsel, or to establish an executive committee.

2. PHEAA Opposes the Motion to the extent the Motion or the attached proposed Order abridge, enlarge, or modify any substantive or procedural right arising under federal law, state law, the Federal Rules of Civil Procedure, or the Rules Enabling Act of 1934, 28 U.S.C. §§ 2071-2077.

3. PHEAA opposes the Motion to the extent it seeks leave to file a consolidated amended complaint without first providing a copy of the proposed pleading to the Court and to the parties.

1

In multidistrict litigation, "on matters of procedure, the transferee court must apply federal law as interpreted by the court of the district where the transferee court sits." *Various Plaintiffs v. Various Defendants ("Oil Filed Cases")*, 673 F.Supp.2d 358, 362-63 (E.D. Pa. 2009). Matters of procedure in multidistrict litigation—like all matters in federal courts— are "governed by the Federal Rules of Civil Procedure." *Ellis v. Pneumo Abex Corp.*, No. CONSOLIDATED UNDER MDL 875, 2012 U.S. Dist. LEXIS 187020, at *2 n.1 (E.D. Pa. Dec. 28, 2012).

Under Fed. R. Civ. P. 15(a), leave to file an amended complaint should be "freely given" only under the circumstances enumerated in the Rule. Here, amendment as a matter of right does not apply under Rule 15(a)(1) because the original complaints were filed more than 21 days ago, and there has been no motion filed under Rule 12(b), (e), or (f).

Courts may also permit an amendment when "justice so requires." Fed. R. Civ. P. 15(a)(2). But while this Rule also requires that leave to amend should be "freely given,"

> [A] court has discretion to deny this request if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.

*Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) (affirming district court's denial of leave to amend where plaintiff failed to provide a draft amended complaint).

Here, without a copy of the proposed consolidated amended complaint, PHEAA cannot evaluate whether any of the requirements of Rule 15(a)(2) can be met, and thus cannot consent to its filing.

More important, the Court cannot determine whether "justice . . requires" it to exercise its equitable discretion to permit the amendment without knowing what the proposed pleading

says. Indeed, the Third Circuit holds that the "failure to provide a draft amended complaint would be an adequate basis on which the court could deny the plaintiff's request." *Id.* at 374. Here, the Plaintiffs fail to satisfy Rule 15 because there is "nothing before the court . . . on which its discretion might operate." *Kelly v. Del. River Joint Comm'n*, 187 F.2d 93, 95 (3d Cir. 1950).

The bar is not a high one for the Plaintiffs. The law simply requires submission of the proposed pleading.

4. In filing this Response, PHEAA expressly reserves all of its rights, claims, and defenses in connection with this all matters that are or may be at issue in this action.

Respectfully submitted,

| | |
|---|---|
| */s/ Drew H. Campbell* | */s/ James J. Jarecki* |
| Drew H. Campbell (Ohio # 0047197) | James J. Jarecki (PA ID No. 89580) |
| Daniel C. Gibson (Ohio #0080129) | Pennsylvania Higher Education |
| Bricker & Eckler LLP | Assistance Agency |
| 100 S. Third Street | 1200 North Seventh Street |
| Columbus, Ohio 43215 | Harrisburg, Pennsylvania 17102-1444 |
| Telephone: 614-227-2300 | Telephone: 717-720-1568 |
| Fax: 614-227-2390 | Fax: 717-720-3911 |
| dcampbell@bricker.com | jjarecki@pheaa.org |
| dgibson@bricker.com | *Co-Counsel for Defendant, Pennsylvania* |
| *Trial Counsel for Defendant, Pennsylvania* | *Higher Education Assistance Agency* |
| *Higher Education Assistance Agency* | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of July, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic system. Parties were served electronically by the Court's CM/ECF electronic system.

>/s/ Drew H. Campbell
>Drew H. Campbell (Ohio # 0047197)

12710941v4