# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| FEDLOAN STUDENT LOAN SERVICING LITIGATION | : | Case No. 18-md-02833 |
| | : | |
| | : | JUDGE C. DARNELL JONES II |

**DEFENDANT'S RESPONSE TO
PLAINTIFFS' BRIEF PURSUANT TO COURT'S OCTOBER 22, 2018 ORDER**

Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA") submits this brief pursuant to the Court's October 22, 2018 Order, (MDL Doc. 31), and in response to the Plaintiffs' Brief, filed November 11, 2018. (MDL Doc. 32). The Court's inquiries are addressed below.

**Question No. 1:** Effect of dismissal of Ohio Plaintiffs' Amended Complaint for purposes of inclusion in the instant litigation.

**Brief Answer:** Dismissal of the Ohio Plaintiffs' Second Amended Complaint was final, on the merits, and with prejudice.

### I. The Ohio Lawsuit

#### A. Procedural History

Ashley Ford and David West were each recipients of a TEACH Grant that they claimed was wrongly converted to a loan. They filed their first Complaint in *Ford v. Pennsylvania Higher Education Assistance Agency*, No. 5:17-cv-49 (Lioi, J.) (the "*Ford* case") on January 6, 2017. (*Ford* Doc. 1). The *Ford* case was the first of the consolidated actions to be filed. The Complaint contained three counts: alleged violation of RICO, breach of contract, and unjust enrichment.

On March 7, 2017, pursuant to Rule 12(b)(6), PHEAA filed a motion to dismiss the complaint in its entirety. (*Ford* Doc. 6). The Plaintiffs did not respond to the motion. Instead, pursuant to Rule 15, they filed their First Amended Complaint ("FAC") on March 29, 2018. (*Ford* Doc. 7). The FAC added as Defendants the Department of Education and its Secretary, Betsy DeVos, in her official capacity. The Plaintiffs reasserted their factual allegations against PHEAA almost verbatim from the first Complaint. They dropped their claim for breach of contract against PHEAA, and revised their claims for RICO and unjust enrichment in an effort to address the legal deficiencies identified by PHEAA in its first Motion to Dismiss.

On April 12, 2017, PHEAA filed its motion to dismiss the FAC. (*Ford* Doc. 12). Once again, the Plaintiffs did not respond to the motion, but instead availed themselves of Rule 15 and filed their Second Amended Complaint ("SAC") on May 5, 2015. (*Ford* Doc. 17.) The SAC added eleven new Plaintiffs. The factual allegations asserted by the original Plaintiffs were unchanged from the original Complaint, and the factual allegations of the eleven new Plaintiffs were substantively similar. The Plaintiffs again revised their claims for RICO and unjust enrichment in an effort to address the legal deficiencies identified by PHEAA in its second motion to dismiss. PHEAA filed its motion to dismiss the SAC on June 2, 2017. (*Ford* Doc. 22). This time the Plaintiffs responded, and the case was fully briefed by July 26, 2017—months before all but one of the consolidated cases were even filed.[1] (*Ford* Doc. 27).

On February 28, 2018—seven months after PHEAA's motion to dismiss the SAC was ripe—the *Morris*, *Burkle*, and *Graham* plaintiffs filed their Motion For Transfer Of Action

---

[1] Only one case—*Salvatore v. Pennsylvania Higher Education Assistance Agency*—had been filed by this time. *Salvatore* was filed on March 1, 2017. Case No. 1:17-cv-385 (M.D. Pa.) (Kane, J.).

2

before the Judicial Panel on Multidistrict Litigation (JPML). (MDL No. 2833) (MDL Doc.1). On March 19, 2018, Judge Lioi issued a nineteen page Memorandum Opinion and Order, dismissing Count I (RICO) and Count III (unjust enrichment) in their entirety against PHEAA. (*Ford* Doc. 28.) A true and accurate copy of Judge Lioi's Order is attached as Exhibit 1. On June 28, 2018, the JPML issued its Conditional Transfer Order. (MDL No. 2833; *Ford* Doc. 41).

The *Ford* Plaintiffs never sought leave to further amend their Second Amended Complaint until the status conference held by this Court on October 15, 2018—seven months after Judge Lioi issued her Order.

B. **The Court Dismissed *Ford* On The Merits**

Under the plain language of Federal Rule of Civil Procedure 41, and the law of both the Sixth and Third Circuits, Judge Lioi's Order was final, on the merits, and with prejudice.

Rule 41(b) provides in relevant part:

(b) Involuntary dismissal; effect. . . . <u>Unless the dismissal order states otherwise</u>, a dismissal under this subdivision (b) and <u>any dismissal not under this rule</u> . . . operates as an adjudication on the merits.

(Emphasis added).

Sixth Circuit cases interpreting Rule 41 have uniformly held that a dismissal under Rule 12(b)(6) is with prejudice <u>unless it specifically states otherwise</u>. *See Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir. 1988) ("It is well established that the sustaining of a motion to dismiss for insufficiency of the complaint serves as an adjudication on the merits unless the court specifies otherwise."); *Daley v. Sears, Roebuck & Co.*, 90 F. Supp. 562, 563 (N.D. Ohio 1950) ("The order dismissing the previous action did not specify that the dismissal was without prejudice. By the terms of Section 41(b) the former action was dismissed with prejudice, and

any subsequent action is barred."). The law in the Third Circuit is the same. *See Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007) ("Dismissal for failure to state a claim is a final judgment on the merits for res judicata purposes."); *Lewis v. Smith*, No. 4:07-cv-2011, 2008 WL 3200836, at *3 (M.D. Pa. Aug. 7, 2008) ("Moreover, pursuant to Fed. R. Civ. P. 41(b), any dismissal, except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as an adjudication on the merits unless the dismissal states otherwise.").

Here, Judge Lioi ruled that "PHEAA's motion to dismiss is granted." The Order did not permit further amendments, nor did it say that it was without prejudice or was otherwise than on the merits. Judge Lioi's dismissal under Rule 12(b)(6) was "not under" Rule 41(b) and, since it did not "state otherwise," it "operates as an adjudication on the merits." *See* Fed. R. Civ. P. 41(b); *Guzowski*, 849 F.2d at 255; *Lewis*, 2008 WL 3200836, at *3.

### C. Plaintiffs' Arguments

#### 1. The Ohio Plaintiffs Had Ample Opportunity To Amend Their Complaint.

Plaintiffs first argue that the Court should permit yet another amendment because the "pleading deficiencies identified by the *Ford* order can be cured by amendment." (Pls.' Br. at 4.) In support, they claim that, while they "previously amended their complaint to add additional parties, they have not yet been afforded the opportunity to correct the pleading deficiencies identified by the Court." *Id.* That is not so.

The *Ford* Plaintiffs had two opportunities—after they filed their original Complaint—to cure the very pleading deficiencies that PHEAA argued, and which ultimately proved fatal to their claims. Indeed, in each of the amended complaints, the *Ford* Plaintiffs changed the allegations supporting their legal arguments in response to the many deficiencies identified by

4

PHEAA. The *Ford* Plaintiffs could have sought a third opportunity to cure their pleading deficiencies by requesting leave to amend yet again in their opposition to PHEAA's Second Motion to Dismiss, but they did not. (*Ford* Doc. 26). The fact that the *Ford* Plaintiffs chose to stand on their Second Amended Complaint rather than seek a third amendment completely undermines Plaintiffs' argument here.[2]

### 2. **The MDL Transfer Statute Does Not Permit Resurrection Of Previously Dismissed Claims**

Plaintiffs also suggest that the mere fact of multidistrict consolidation permits this Court to revive the claims that Judge Lioi dismissed. (Pls.' Br. at 4, 5). Plaintiffs are incorrect.

The Third Circuit has specially held that the MDL statute, 28 U.S.C. § 1407, neither creates a license to reverse or vacate the final rulings of a sister court, nor permits a do-over for failed cases. The Third Circuit recognizes that "there is nothing in the text of 28 U.S.C. § 1407 . . . that authorizes a transferee judge to vacate or modify an order of a transferor judge."). *In re Pharmacy Benefit Mgrs. Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009). If the Plaintiffs' argument was correct, then "litigation could begin anew with each MDL transfer." *Id.* at 441; *see also Gelboim v. Bank of America Corp.*, 135 S. Ct. 897, 904 (2014) (holding that cases transferred to an MDL court are "consolidated for MDL pre-trial proceedings," but "ordinarily retain their separate identities").

---

[2] Plaintiffs also argue that they "promptly sought leave to file a CAC in good faith and immediately after the JPML transferred all actions to this District." (Pls.' Br. at 4.) To be clear, the *Ford* Plaintiffs never asked Judge Lioi for leave to file a third amended complaint. Nor did they promptly seek this leave from this Court by, for example, seeking leave in either the motion practice regarding appointment of class counsel, or in the Joint Agenda the parties filed on October 5, 2018, (MDL Doc. 27).

The law-of-the-case doctrine also binds the MDL court: "[I]f the transferor court is bound by the law of the case doctrine . . . the transferee court must be similarly bound. Nothing in § 1407 suggests that Congress intended to confer more power on the transferee court than the transferor court would have had absent the transfer under 28 U.S.C. § 1407." *In re Pharmacy Benefit Mgrs. Antitrust Litig.*, 582 F.3d at 442.

A court may depart from the law of the case doctrine only where (1) the initial decision is "clearly erroneous and would make a manifest injustice"; (2) "new evidence is available"; (3) "a supervening new law has been announced"; (4) to clarify or correct an earlier, ambiguous prior ruling; or (5) where an earlier decision might lead to an unjust result. *Id.* at 439. None of the "extraordinary circumstances" that could support review of Judge Lioi's Order exists here. The Plaintiffs do not argue that Judge Lioi's Order was clearly erroneous, that there is "new evidence available or [that] a supervening new law has been announced." *Id.* Nor, as discussed above, is there any ambiguity in Judge Lioi's Order. *Id.* Nor would it lead to an unjust result. *Id.*

Because the *Ford* Plaintiffs have no basis to relitigate their claims before Judge Lioi, they are barred from relitigating them here. *Id.* at 440; *see also Postie v. California*, 460 U.S. 605, 618 (1983) (ruling that a decision dismissing a claim with prejudice controls under the law of the case doctrine).

**Question No. 2: The extent to which preliminary class discovery may be required or is not necessary prior to submission of an Amended Class Complaint.**

**Brief Answer: No discovery is needed prior to submission of an Amended Class Complaint and discovery should be stayed pending the outcome of any motion to dismiss.**

The answer to the Court's question is straightforward: the Plaintiffs do not need preliminary class discovery in order to prepare an Amended Class Complaint. The Plaintiffs

6
13410964v2

agree—though they wait until the last sentence of their brief to say so. (Pls.' Br. at 10) ("[L]imited class discovery before Plaintiffs are permitted to file a CAC should be denied.").

Plaintiffs' position makes sense. There are ten consolidated cases. JPML Conditional Transfer Orders (MDL Doc. 51, 53). In each Complaint, Plaintiffs describe their alleged personal interactions with PHEAA, and use those allegations to support a wide variety of legal theories for recovery. *See, e.g.*, *Salvatore v. Pennsylvania Higher Education Assistance Agency*, Case No. 1:17-cv-00385 (M.D. Pa). Plaintiffs do not contend that they need discovery before they can re-plead the allegations they believe will state a claim for relief. The Parties are, therefore, in agreement that no discovery is needed in order to prepare an Amended Class Complaint.

Rather than focus on the Court's question, Plaintiffs choose instead to address one that the Court did not ask: Whether bifurcated class discovery is appropriate here. (Pls.' Br. at 6–10.) This question is premature, and puts the cart before the horse.

Until the Plaintiffs file an Amended Class Complaint, it is simply too soon to know what, if any, discovery may be needed in this case. Indeed, it is too soon to know what claim, if any, may survive motion practice. Nor is it known whether class allegations can or will be properly pled, and thus whether they will be challenged and dismissed. At a minimum, however, PHEAA expects to file dispositive motions that, if granted, will resolve all of Plaintiffs' claims prior to discovery.

Indeed, recent events may have mooted some of Plaintiffs' claims. Last week, the United States Department of Education announced a "Reconsideration Process" for all TEACH Grant recipients whose grants were converted to loans due to failure to comply with the TEACH

13410964v2

Program's annual certification requirement.  *See* Federal Student Aid, 2019 TEACH Grant Program Changes – Standardized Annual Certification Date and Reconsideration Process, https://ifap.ed.gov/eannouncements/121018TEACHProgramChange2019StandardAnnualCertDateReconsiderProcess.html (last visited Dec. 20, 2018).  The Department's reconsideration process should resolve the TEACH-Grant-related claims of plaintiffs in this consolidated action, like the *Ford* Plaintiffs (assuming they have any claims).

The nature and scope of discovery is better left for another day, after the Court and the parties have the benefit of the Amended Class Complaint and resolution of preliminary rulings.

## II.     CONCLUSION

For the reasons set forth above, PHEAA respectfully requests that the Court issue an Order (1) denying the Ford Plaintiffs leave to amend their Second Amended Complaint; and (2) setting a date certain by which the Plaintiffs may file an Amended Class Action Complaint.

13410964v2

Respectfully submitted,

| | |
|---|---|
| */s/ Drew H. Campbell* | */s/ James J. Jarecki* |
| Drew H. Campbell (Ohio # 0047197) | James J. Jarecki (PA ID No. 89580) |
| Daniel C. Gibson (Ohio #0080129) | Pennsylvania Higher Education |
| Bricker & Eckler LLP | Assistance Agency |
| 100 S. Third Street | 1200 North Seventh Street |
| Columbus, Ohio 43215 | Harrisburg, Pennsylvania 17102-1444 |
| Telephone: 614-227-2300 | Telephone: 717-720-1568 |
| Fax: 614-227-2390 | Fax: 717-720-3911 |
| dcampbell@bricker.com | jjarecki@pheaa.org |
| dgibson@bricker.com | *Co-Counsel for Defendant, Pennsylvania* |
| *Trial Counsel for Defendant, Pennsylvania* | *Higher Education Assistance Agency* |
| *Higher Education Assistance Agency* | |

*/s/ John C. Grugan*
John C. Grugan
Jason A. Leckerman
Eleanor Bradley Huyett
Ballard Spahr, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
jgrugan@ballardspahr.com
jleckerman@ballaredspahr.com
bradleym@ballardspahr.com
*Co-Counsel for Defendant, Pennsylvania*
*Higher Education Assistance Agency*

13410964v2