UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
EASTERN DIVISION

| | |
|---|---|
| IN RE: FEDLOAN STUDENT LOAN SERVICING LITIGATION | MDL No. 18-2833 |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | Judge C. Darnell Jones, II |

**THE UNITED STATES' RESPONSE TO PLAINTIFFS' BRIEF PURSUANT TO THE COURT'S OCTOBER 22, 2018 ORDER**

The United States, on behalf of the Department of Education ("Education"), respectfully responds to the two queries in the Court's October 22, 2018 Order, Docket No. 31. First, the United States takes no position on the effect of dismissal of the Ohio Plaintiffs' Second Amended Complaint ("SAC") as to Pennsylvania Higher Education Assistance Agency ("PHEAA") for purposes of inclusion of those individual plaintiffs' claims in these proceedings.[1] Second, the United States agrees with Plaintiffs, Pl. Br. at 1, that class discovery prior to the submission of a class complaint is not necessary.

**BACKGROUND**

The College Cost Reduction and Access Act, Pub. L. 110-84, amended the Higher Education Act of 1965 ("HEA"), and authorized the Teacher Education Assistance for College and Higher Education ("TEACH") grant program for implementation beginning in 2008. *See* HEA section 420L-420O, 20 U.S.C. § 1070g to g-4. Under the TEACH grant program, teacher candidates may receive annual grants of up to $4,000 per year, not to exceed $16,000 total, for

---

[1] The "Ohio Plaintiffs" refers to the plaintiffs in *Ford v. Pennsylvania Higher Education Assistance Agency*, No. 17-cv-49 (N.D. Ohio).

undergraduate, graduate, or post-baccalaureate study to prepare them to teach. *See* 20 U.S.C. § 1070g-1. Several of the Ohio Plaintiffs received less than $4,000 in grants.

Before receiving a TEACH grant, an applicant must sign an Agreement to Serve. 34 C.F.R. § 686.12(a). In the Agreement to Serve, the applicant promises to serve as a teacher in a high-need field in a low-income school for not less than four academic years of the eight years after the applicant completes the course of study for which he or she received a grant. 34 C.F.R. § 686.12(b).

Within 120 days after graduating from school, the grant recipient must confirm in writing to Education that he or she either is or intends to meet the obligations in the Agreement to Serve. 34 C.F.R. § 686.40(a). Every year thereafter, the grant recipient must timely submit evidence of employment and certify that he or she is satisfying the obligation in the Agreement to Serve. 34 C.F.R. §§ 686.12(b)(2), 686.40(b)-(f). Failure to submit the certification annually results in the grant being converted to a loan. 34 C.F.R. §§ 686.12(e), 686.43(a)(4). A grant that is converted to a loan cannot be converted back to a grant. 34 C.F.R. § 686.43(d).

The Ohio Plaintiffs all received TEACH grants which were subsequently converted to loans. *See* SAC ¶ 252. Their Second Amended Complaint asserts two claims against the United States: breach of contract and unjust enrichment. Although they admit that they breached the Agreement to Serve by either failing to submit their certification forms or submitting the forms untimely, the Ohio Plaintiffs contend that their own breach should be excused because (1) the method by which the certification deadlines were established were "arbitrary," SAC ¶ 12, or (2) the United States sent did not send then a written reminder to submit their certification form, SAC ¶ 13. But the Ohio Plaintiffs overlook that the certification deadlines are established by the Agreement to Serve and Federal regulations, and that the Agreement to Serve does not require the

United States to give grant recipients written reminders to satisfy their contractual obligations.

Only the Ohio Plaintiffs named the United States as a defendant. Plaintiffs from the other cases all opposed the inclusion of the United States in these multidistrict proceedings.

## ARGUMENT

**I.     The Effect of Dismissal of the Ohio Plaintiffs' Second Amended Complaint**

The United States takes no position on whether the Ohio Plaintiffs' claims against PHEAA should be included in this litigation. However, the United States does note that the Ohio Plaintiffs already were afforded the opportunity to correct any "pleading deficiencies." Pl. Br. at 4. After the Ohio Plaintiffs filed their initial complaint, PHEAA moved to dismiss the complaint, the Ohio Plaintiffs amended their complaint for the first time, PHEAA moved to dismiss the amended complaint, and the Ohio Plaintiffs amended their complaint for the second time. In other words, the Ohio Plaintiffs already have had two opportunities to address any pleading deficiencies in their original complaint. That their second amended complaint was still dismissed suggests that their claims cannot be saved with a fourth bite at the pleading apple.

**II.    Preliminary Class Discovery Is Not Necessary Prior to Submission of a Class Complaint, and the Court Should Consider Case-Dispositive Motions Before Permitting Discovery**

Plaintiffs assert that "class discovery prior to the submission of the [class complaint] is not necessary." Pl. Br. at 1. The United States agrees.

After Plaintiffs file their consolidated class complaint, the Court should first entertain case dispositive motions prior to permitting costly and unnecessary discovery. If the consolidated class complaint names the United States, despite policy changes recently announced by Education,[2] the

---

[2] On December 10, 2018, Education announced two changes to the TEACH grant program that will begin in 2019: (1) A standardized annual certification date has been adopted for all TEACH grant recipients (October 31); and (2) A reconsideration process is being developed for grant

3

United States anticipates moving for dismissal of the claims against it under Rule 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for failure to state claim.  Regarding the lack of jurisdiction, the United States anticipates arguing that there has been no waiver of sovereign immunity for the equitable relief sought by Plaintiffs.  The "Little Tucker Act," 28 U.S.C. § 1346(a)(2), which likely will be the asserted basis for jurisdiction, only waives the United States' sovereign for monetary damages, and federal courts have recognized that students seeking a reduction of their student loan debt do not assert claims for monetary damages.  *See Dawson v. Great Lakes Educational Loan Services, Inc.*, No. 15-cv-475, 2016 WL 426610. *4-5 (W.D. Wis. Feb. 3, 2016); *Johnson v. United States*, 105 Fed. Cl. 85, 95-96 (2012); *Valentino v. U.S. Dep't of Educ.*, No. 09-cv-06, 2009 WL 2985686, *2 (S.D. Cal. Sept. 16, 2009).

The United States also will demonstrate that the Ohio Plaintiffs' claims for breach of contract and unjust enrichment also fail on the merits.  The notion that the United States created "arbitrary" deadlines is belied by the Agreement to Serve and Federal regulations, which specify the deadlines for the grant recipients' certifications.  And nothing in the Agreement to Serve requires the United States to send written reminders to grant recipients that they must satisfy their obligations.  Moreover, the existence of an express contract precludes grant recipients from asserting a claim for unjust enrichment.[3]  Given these threshold legal issues, which would resolve

---

recipients who failed to comply with the certification requirement.  *See* https://ifap.ed.gov/eannouncements/121018TEACHProgramChange2019StandardAnnualCertDateReconsiderProcess.html.  These changes likely will resolve all claims against the United States.  In light of this policy change, we are exploring with Plaintiffs' counsel what issues relating to claims against the United States, if any, will be left for the Court to consider.

[3] During the proceedings in Northern District of Ohio, the parties relied on Ohio law to support their claims and defenses.  The parties have not yet addressed the choice of law issue.

these claims in the United States' favor, the Court should entertain case dispositive motions prior to permitting discovery.

Finally, although not requested by the Court, Plaintiffs include arguments opposing bifurcation of class and merits discovery. These arguments are premature as Plaintiffs have not yet even filed their Class Complaint. The parties can address discovery-related issues at an appropriate time after the Class Complaint is filed and the Court rules on any case dispositive motions.

## CONCLUSION

For the foregoing reasons, the Court should not permit preliminary discovery prior to the submission of the Class Complaint and should first permit case dispositive motion practice before permitting any discovery.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM M. MCSWAIN
United States Attorney

RUTH A. HARVEY
Director
Commercial Litigation Branch

LLOYD H. RANDOLPH
Assistant Director

/s/ Terrance A. Mebane
TERRANCE A. MEBANE
United States Department of Justice
Civil Division, Commercial Litigation Branch
Telephone: (202) 307-0493
Facsimile: (202) 307-0494
Terrance.A.Mebane@usdoj.gov

*Counsel for the United States of America*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of December 2018, a true and correct copy of the foregoing was filed electronically with the Court's Electronic Case Filing (ECF) system. I understand that notice of this filing will be sent to all parties by operation of the Court's ECF system.

/s/ Terrance A. Mebane
TERRANCE A. MEBANE
United States Department of Justice