UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: FEDLOAN STUDENT LOAN SERVICING LITIGATION | MDL No. 18-2833 |
| THIS DOCUMENT RELATES TO: *ALL ACTIONS* | Judge C. Darnell Jones, II |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR BRIEF
PURSUANT TO THE COURT'S OCTOBER 22, 2018 ORDER**

Defendants Pennsylvania Higher Education Assistance Agency ("PHEAA") and the United States Department of Education's ("DOE") responses[1] to Plaintiffs' Brief Pursuant to the Court's October 22, 2018 Order confirm that the *Ford* Plaintiffs should be granted leave to amend their claims against PHEAA for inclusion in a consolidated amended class complaint ("CAC"). Critically, Defendants fail to identify a single case in support of precluding amendment based on the law of the case doctrine. Nor can they. The Third Circuit has held that interlocutory orders—like the one entered by the *Ford* court in Ohio—are *not* the law of the case and do not bind this Court. Because Defendants cannot demonstrate that amendment will be futile, be in bad faith, or cause undue delay or prejudice, they fail to make the necessary showing to defeat amendment under Rule 15's permissive standard.

Defendants' statement in favor of a stay of discovery pending resolution of their expected motions to dismiss are similarly unsupported. Courts uniformly disfavor stays of discovery absent a showing of good cause and Defendants here have not even attempted to demonstrate good cause, making it clear that their request should be denied.

---

[1] ECF No. 33 (PHEAA); ECF No. 34 (DOE).

I. **THIS COURT HAS DISCRETION TO GRANT THE FORD PLAINTIFFS LEAVE TO AMEND FOR INCLUSION IN A CAC**

   A. **Defendants Do Not Suggest That Amendment Will Be Futile, Is in Bad Faith, or Will Cause Undue Prejudice or Undue Delay.**

Defendants do not contest that granting the *Ford* Plaintiffs leave to amend for inclusion in a CAC at this very early stage of the proceedings will be futile, in bad faith, or cause undue prejudice. Defendants instead oppose leave to amend on the basis that the *Ford* Plaintiffs waited to request leave to amend their claims against PHEAA until after the JPML transferred the *Ford* and related actions to this district.[2] PHEAA Br. at 4-5; DOE Br. at 3. However, "'[d]elay alone is an insufficient ground to deny leave to amend' and the delay must be 'undue' such that it places an unwarranted burden on the court." *Gewirtz v. Opko Health, Inc.*, 230 F. Supp. 3d 440, 444 (E.D. Pa. 2017) (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Allowing amendment to include the *Ford* Plaintiffs in this MDL litigation would not place an unwarranted burden on the Court because the claims against PHEAA brought by the *Ford* Plaintiffs have also been brought by other Plaintiffs consolidated in these proceedings. These claims will be adjudicated regardless of the *Ford* Plaintiffs' inclusion.

Furthermore, Judge Lioi's decision was issued on March 19, 2018 while the motion to transfer before the JPML was pending. Importantly, while the *Ford* Plaintiffs supported consolidation with the other related actions,[3] the DOE opposed consolidation.[4] Given the

---

[2] Defendant PHEAA also argues that after transfer, the *Ford* Plaintiffs did not seek leave to amend in "the motion practice regarding appointment of class counsel, or in the Joint [Proposed] Agenda the parties filed on October 5, 2018." PHEAA Br. at 5 n.2. However, Lowey Dannenberg in its motion for class counsel requested leave to amend on behalf of *all* Plaintiffs. *See* ECF No. 2. Likewise, the Joint Proposed Agenda proposed a deadline for a CAC on behalf of *all* Plaintiffs. *See* ECF No. 27. Moreover, Counsel for all parties mutually agreed not to include in the Joint Proposed Agenda legal arguments in support of or in response to the opposing party's positions.

[3] Northern District of Ohio and Middle District of Pennsylvania Plaintiffs' Response in Partial Opposition to Motion to Transfer (JPML ECF No. 26).

[4] United States' Limited Objection to Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 For Coordinated or Consolidated Pretrial Proceedings (JPML ECF No. 24).

uncertainty over where the *Ford* action would ultimately proceed, the *Ford* Plaintiffs waited for the outcome of the JPML proceedings before requesting leave to amend. Had the case not been consolidated and transferred to this district, the *Ford* Plaintiffs would have sought leave to amend before the Ohio court, as they do now here. Under these circumstances, Defendants cannot establish *undue* delay. *See Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) ("incidental delay alone is not a sufficient ground to deny a motion to amend, the movant must demonstrate that its delay in seeking to amend is 'satisfactorily explained'") (citation omitted).

Because Defendants cannot demonstrate any of the factors necessary to defeat an amendment under Rule 15, leave to amend the *Ford* Plaintiffs' claims against PHEAA for inclusion in a CAC should be granted.[5]

### B. Law of the Case Doctrine Does Not Apply to Interlocutory Orders Concerning Leave to Amend.

PHEAA does not cite a single case holding that the law of the case doctrine applies to interlocutory orders denying leave to amend. Its argument that this Court is bound by Judge Lioi's decision in the *Ford* matter as the law of the case ignores the Third Circuit's ruling in *Petratos v. Genentech Inc.*, 855 F.3d 481, 493 (3d Cir. 2016), which evaluated the binding effect of a prior judge's interlocutory order concerning a motion for leave to amend when the case is reassigned to another judge. The *Petratos* decision represents controlling authority on this question of law.

---

[5] Defendants also argue that the *Ford* Plaintiffs had two opportunities to address the pleading deficiencies identified in Defendant PHEAA's prior motions to dismiss when they amended their complaint. PHEAA's Br. at 4-5; DOE's Br. at 3. However, the *Ford* Plaintiffs were not afforded the opportunity to address the pleading deficiencies identified and ruled upon by *the Court*.

3

Three district court judges were involved at different times in the case over its lifetime. *Id*. at 486. The first judge dismissed two of the five counts in the initial complaint. *Id*. *See also U.S. ex rel. Petratos v. Genentech,* No. 11-cv-3691 (D.N.J), Opinion of January 30, 2014 (ECF No. 43). After the defendant answered the complaint and moved for judgment on the pleadings, the first judge retired, and the case was reassigned to the second judge. *Petratos*, No. 11-cv-3691, April 15, 2014 Order Reassigning Case (ECF No. 49). The relator then filed a motion to amend all claims, including those dismissed by the first judge. *See U.S. ex rel. Petratos v. Genentech, Inc.*, No. 11-3691, 2014 WL 7331945, at *1-2 (D.N.J. Dec. 18, 2014). The second judge granted the motion to amend. *Id*. at *2. Relying on Third Circuit authority that motions to amend under Rule 15(a) "should be liberally granted," *id*. at *2, the second judge found that the proposed amendment was not futile because it "sufficiently alleged causes of action" under the False Claims Act.[6] *Id*. at *4-5. The case was then reassigned to the third judge, the complaint was amended, and the defendant moved again to dismiss, which the third judge granted. *Petratos*, 855 F.3d at 486.

On appeal, relator argued that the third judge erred in dismissing his claims because the second judge, in granting leave to amend, found his claims to be sufficiently plead, which became the law of the case. The Third Circuit disagreed, holding that "the grant of a leave to amend is an interlocutory order," "is not the law of the case," and the third judge "was within her

---

[6] Notably, like Judge Lioi's decision, the first judge's decision granting the defendants' motion to dismiss did not specify whether it was with or without prejudice. *See Petratos v. Genentech*, No. 2-11-cv-03691 (D.N.J), January 30, 2014 Opinion (ECF No. 43). The second judge rejected the defendant's argument that it was with prejudice because it is within her discretion to grant amendment under Rule 15 and district courts should allow the party a curative amendment, unless the amendment would be futile or inequitable. *U.S. ex rel. Petratos v. Genentech, Inc.*, No. 11-3691, 2014 WL 7331945, at *2 (D.N.J. Dec. 18, 2014). Although the first and second judges' decisions were not on appeal to the Third Circuit, like the first judge's decision, Judge Lioi's decision did not indicate that it was with prejudice. And like the second judge, this Court has discretion to grant leave to amend here and should allow a curative amendment.

4

discretion to disagree with it." *Petratos*, 855 F.3d at 493.[7] Demonstration of "exceptional circumstances" to justify departure from the law of case was therefore not necessary. *See Petratos*, 855 F.3d at 493.

Here, Judge Lioi's order, which did not expressly deny leave to amend, was an interlocutory order because it did not dismiss all defendants and final judgment was not entered in favor of PHEAA. *See* FED. R. CIV. P. 54(b) ("any order or other decision … that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *Morton Int'l, Inc. V. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir. 2006) (an order dismissing less than all defendants is not a final order unless judgment is entered under Rule 54(b)); *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) (same).

Under *Petratos*, the law of the case doctrine does not apply here, and the *Ford* Plaintiffs need not demonstrate "exceptional circumstances" for departing from Judge Lioi's purported denial of leave to amend, as PHEAA suggests, because Judge Lioi did not deny leave to amend. PHEAA identifies no such order, and PHEAA cites no authority for its contention that the Ford Plaintiffs were required to seek leave to amend at some particular point in time in order to preserve their rights. *See* PHEAA's Br. at 5 and 5 n.2. Accordingly, Rule 15 alone is the rule governing this question—not Judge Lioi's prior order or the law of the case doctrine. This Court

---

[7] This holding is consistent with those of other circuits, including the Sixth, in which the *Ford* case was initially filed. *Guy v. Lexington-Fayette Urban Cty. Gov't*, 488 F. App'x 9, 17 (6th Cir. 2012) ("an interlocutory order cannot create the law of a case"); *Lanier Const., Inc. v. Carbone Properties of Mobile, LLC*, 253 F. App'x 861, 863 (11th Cir. 2007) (the district court's denial of [plaintiff's] motion for leave to amend the complaint was simply an interlocutory decision, which the district court had ample discretion to reconsider" and "[w]e therefore conclude that the law-of-the-case doctrine does not apply in this instance.").

5

would be well within its discretion to allow the *Ford* Plaintiffs leave to amend by way of participating in a CAC.

PHEAA's focus on the transferee court's lack of authority to vacate prior rulings under 28 U.S.C. § 1407 is misplaced. Plaintiffs seek leave to amend their claims under Rule 15 for inclusion in a CAC, not the vacatur or modification of Judge Lioi's Order. Allowing the *Ford* Plaintiffs to amend will neither require litigation to "begin anew" nor prevent the *Ford* action from maintaining its separate identity, as Defendants contend. *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 592 (6th Cir. 2013) ("Nor do we hold that the filing of a consolidated complaint in a multidistrict case merges the plaintiffs' actions permanently. … [W]hen the pretrial phase ends and cases not yet terminated return to their originating courts for trial, the plaintiffs' actions resume their separate identities.") (citation omitted).

### C. Even If Judge Lioi's Order Were The Law of The Case, It Was Clearly Erroneous.

Even if Judge Lioi's silence on leave to amend can be construed as a denial of leave to amend that constitutes the law of the case (which it does not), her decision was "clearly erroneous and would make a manifest injustice," warranting a departure from that order. *See In re Pharmacy Benefit Managers Antitrust Litigation*, 582 F.3d 432 (3d Cir. 2009). As discussed in Plaintiffs' November 21, 2018 Brief (ECF No. 32), denial was clearly erroneous because amendment will not be futile, be in bad faith, or cause undue prejudice or undue delay. Judge Lioi did not conclude otherwise. In fact, she did not provide *any* basis for purportedly denying leave to amend. That alone constitutes an abuse of discretion resulting in a manifest injustice by denying Plaintiffs the opportunity to amend without justification. *See Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (failure to provide a basis for denying leave to amend ordinarily constitutes abuse of discretion). Accordingly, for these reasons, this Court may exercise its

discretion to reconsider and modify that Order to allow amendment for the inclusion of the *Ford* Plaintiffs in a CAC in this MDL litigation.

## II.     DISCOVERY SHOULD NOT BE DELAYED PENDING A DECISION ON ANY MOTION TO DISMISS

Plaintiffs oppose Defendants' suggestion that discovery be stayed pending a ruling on their expected dispositive motions. "Motions to stay discovery are not favored" and will not be granted absent a showing of "good cause," because "when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Coca-Cola Bottling Co. v. Grol*, No. 92-7061, 1993 WL 13139559, at *2 (E.D. Pa. Mar. 8, 1993); *Gerald Chamales Corp. v. Oki Date Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J.2007) ("It is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay."). Defendants have not even attempted to show that good cause exists for delaying discovery until the resolution of their dispositive motions and their requests should be denied.[8]

## III.    CONCLUSION

For the reasons above, as well as those set forth in Plaintiffs' Brief Pursuant to the Court's October 22, 2018 Order submitted November 21, 2018, Plaintiffs respectfully request

---

[8] Defendants assert that the DOE's recent announcement that it "is finalizing a process that will provide an opportunity for certain TEACH Grant recipients whose TEACH Grants were converted to Direct Unsubsidized Loans to request reconsideration of the conversions" "resolves" or "moots" Plaintiffs' TEACH grant claims. PHEAA Br. at 7-8; DOE's Br. at 3-4 n.2. *See also* https://studentaid.ed.gov/sa/types/grants-scholarships/teach. However, beyond this general statement, the DOE has not provided any details about how the reconsideration process will be implemented, including who is eligible to apply, the criteria that must be met for granting reconsideration requests, who will administer the reconsideration process, and what remedies will be available. The DOE informs only that "[o]nce we complete our process work, we plan to update this page by Jan. 31, 2019, with instructions on how to apply for reconsideration of your converted TEACH Grants." *Id*. In either event, Plaintiffs are entitled to seek class relief no matter the reconsideration process DOE may or may never roll out. Indeed, Third Circuit authority provides there is "no suggestion in the language of Rule 23, or in the committee notes, that the value of a class suit as a superior form of action was to be weighed against the advantages of an administrative remedy." *Amalgamated Workers Union of Virgin Islands v. Hess Oil Virgin Islands Corp.*, 478 F.2d 540, 543 (3d Cir. 1973).

7

that the Court enter an order: (1) granting the *Ford* Plaintiffs leave to amend their claims against PHEAA for inclusion in a CAC; and (2) deny Defendants' request for limited class discovery and set case management deadlines that permit class and merits discovery to proceed concurrently.

Date: December 31, 2018

Respectfully submitted,

| **LOWEY DANNENBERG, P.C.** | **CARLSON LYNCH SWEET KILPELA & CARPENTER, LLP** |
|---|---|
| */s/ Laura K. Mummert* | */s/ Gary F. Lynch* |
| Laura K. Mummert (PA ID 85964) | Gary F. Lynch (PA ID 56887) |
| Anthony M. Christina (PA ID 322528) | Kevin W. Tucker (PA ID 312144) |
| One Tower Bridge | 1133 Penn Avenue, 5th Floor |
| 100 Front Street, Suite 520 | Pittsburgh, PA 15222 |
| West Conshohocken, PA 19428 | Tel: (412) 322-9243 |
| Tel: (215) 399-4770 | glynch@carlsonlynch.com |
| lmummert@lowey.com | ktucker@carlsonlynch.com |
| achristina@lowey.com | |
| *Co-Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs* |
| Roland St. Louis III | Brian C. Gudmundson |
| **LOWEY DANNENBERG, P.C.** | **ZIMMERMAN REED LLP** |
| 44 S. Broadway, Suite 1100 | 1100 IDS Center 80 South 8th Street |
| White Plains, NY 10601 | Minneapolis, MN 55402 |
| Tel: (914) 997-0500 | Tel: (612) 341-0400 |
| rstlouis@lowey.com | brian.gudmundson@zimmreed.com |
| *Executive Committee Member* | *Executive Committee Member* |
| Bryan L. Bleichner | Troy J. Doucet |
| **CHESTNUT CAMBRONNE PA** | **DOUCET & ASSOCIATES CO., LPA** |
| 17 Washington Avenue North - Suite 300 | 700 Stonehenge Parkway, 2B |
| Minneapolis, MN 55401 | Dublin, OH 43017 |
| Tel: (612) 339-7300 | Tel: (614) 944-5219 |
| bbleichner@chestnutcambronne.com | Troy@Doucet.Law |
| *Executive Committee Member* | *Executive Committee Member* |

Karen H. Riebel
**LOCKRIDGE GRINDAL NAUEN PLLP** 100 Washington Ave. S., Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
khriebel@locklaw.com

*Executive Committee Member*