# Exhibit 6

# Exhibit 6:
# Case Law Supporting PHEAA's Motion to Dismiss the Consolidated Amended Class Action Complaint

### Section V.D.3.b.

**Plaintiffs' claims for breach of fiduciary duty and constructive fraud fail because PHEAA is not Plaintiffs' fiduciary.**

| Jurisdiction | Breach of Fiduciary Duty | Constructive Fraud |
|---|---|---|
| Alabama | *Selman v. CitiMortgage, Inc.*, No. 12-cv-0441, 2013 U.S. Dist. LEXIS 37017, at *41 (S.D. Ala. Mar. 5, 2013) ("[N]o fiduciary relationship exists between mortgagees and mortgagors under Alabama law, numerous courts around the country have extended this principle to embrace mortgage servicers . . . ."). | *Hornaday v. First Nat'l Bank*, 65 So. 2d 678, 687 (Ala. 1953) ("Constructive fraud at common law is the breach of a legal or equitable duty which, irrespective of the moral guilt, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to inspire public interest. It usually arises from a breach of duty where a relationship of trust and confidence exists."). |
| California | *Marks v. Ocwen Loan Servicing*, No. 07-cv-2133, 2009 U.S. Dist. LEXIS 35251, at *20 (N.D. Cal. Apr. 10, 2009) ("Moreover, a loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract."). | *Assilzadeh v. Cal. Fed. Bank*, 98 Cal. Rptr. 2d 176, 186 (Cal. Ct. App. 2000) ("Constructive fraud is a unique species of fraud applicable only to a fiduciary or confidential relationship."). |
| Connecticut | *Walker v. Deutsche Bank Nat'l Trust Co.*, No. 16-cv-6976, 2017 U.S. Dist. LEXIS 43044, at *10–12 (D. Conn. Mar. 24, 2017) (finding no fiduciary duty where servicer "advis[ed] and assist[ed]" borrowers during loan modification negotiations). | *Metro. Enter. Corp. v. United Techs. Int'l Corp.*, 2006 U.S. Dist. LEXIS 8078, at *6 (D. Conn. Feb. 27, 2006) (explaining that plaintiff must establish the existence of a confidential or special relationship to succeed under a constructive fraud claim). |

|  | **Section V.D.3.b.**<br><br>**Plaintiffs' claims for breach of fiduciary duty and constructive fraud fail because PHEAA is not Plaintiffs' fiduciary.** |

| Jurisdiction | Breach of Fiduciary Duty | Constructive Fraud |
|---|---|---|
| District of Columbia | *Edwards v. Ocwen Loan Servicing, LLC*, 24 F. Supp. 3d 21, 30 (D.D.C. 2014) ("[L]oan servicers, as such, owe no fiduciary duties to borrowers . . . ."). | *Witherspoon v. Philip Morris*, 964 F. Supp. 455, 461 (D.D.C. 1997) ("In order to succeed on a constructive fraud claim, Plaintiff must first demonstrate that a confidential relationship exists between him and Defendant. A confidential relationship is defined as a relationship in which one party has gained the 'trust and confidence' of the other, enabling the first party to exercise extraordinary influence over the other."). |
| Florida | *Ferrerr v. U.S. Bank, N.A.*, No. 14-cv-20741, 2014 U.S. Dist. LEXIS 129325, at *19 (S.D. Fla. Sept. 15, 2014) (holding that a loan servicer does not owe a fiduciary duty to its borrowers). | *Harrell v. Branson*, 344 So. 2d 604, 607 (Fla. Dist. Ct. App. 1977) ("[C]onstructive fraud is deemed to exist where a duty under a confidential or fiduciary relationship has been abused."). |
| Illinois | *Elesh v. Ocwen Loan Servicing, LLC*, No. 12-cv-10356, 2013 U.S. Dist. LEXIS 56283, at *4 (N.D. Ill. Apr. 19, 2013) ("[T]here is nothing inherent in business dealings between a [loan servicer] and a borrower from which springs a cognizable fiduciary relationship." (quoting *Citicorp Sav. Of Ill. v. Rucker*, 692 N.E.2d 1319, 1325–26 (Ill. App. Ct. 1998) (alteration in original)). | *In re Estate of Neprozatis*, 378 N.E.2d 1345, 1349 (Ill. App. Ct. 1978) ("[Constructive fraud] is defined as any act, statement or omission which amounts to positive fraud or which is construed as a fraud by the courts because of its detrimental effect upon public interests and public or private confidence. It requires neither actual dishonesty nor intent to deceive, being a breach of legal or equitable duty which, irrespective of the moral guilt of the wrongdoer, the law declares fraudulent because of its tendency to deceive others."). |

| **Section V.D.3.b.**<br><br>**Plaintiffs' claims for breach of fiduciary duty and constructive fraud fail because PHEAA is not Plaintiffs' fiduciary.** |||
|---|---|---|
| **Jurisdiction** | **Breach of Fiduciary Duty** | **Constructive Fraud** |
| Massachusetts | *Corcoran v. Saxon Mortgage Servs., Inc.*, No. 09-cv-11468, 2010 U.S. Dist. LEXIS 51040, at *11 (D. Mass. May 24, 2010) ("U]nder Massachusetts law, neither a mortgage holder nor its servicer owes a fiduciary duty to a borrower."). | *JSB Indus. v. Nexus Payroll Servs., Inc.*, 463 F. Supp. 2d 103, 107 (D. Mass. 2006) (explaining that fraud by omission, which can constitute constructive fraud, requires a fiduciary duty or other similar relation of trust and confidence). *See also Southwick Clothing LLC v. GFT (USA) Corp.*, No. 99-cv-10452, 2004 U.S. Dist. LEXIS 25336, at *37 (S.D.N.Y. Dec. 13, 2004) ("[A]n omission of fact can constitute constructive fraud only if a fiduciary relationship exists." (citing *Geo Knight & Co., Inc. v. Watson Wyatt & Co.*, 170 F.3d 210, 215 (1st Cir. 1999) and *Bernstein v. Gramercy Mills, Inc.*, 452 N.E.2d 231, 236 (Mass. App. Ct. 1983))). |
| Maryland | *Hyland v. Navient Corp.*, No. 18-cv-9031, 2019 U.S. Dist. LEXIS 113038, at *29 (S.D.N.Y. July 8, 2019) (dismissing a breach of fiduciary duty claim against a student loan servicer because "Maryland does not recognize a separate tort action for breach of fiduciary duty" (quoting *Int'l Bhd. Of Teamsters v. Willis Corroon Corp. of Maryland*, 802 A.2d 1050, n.1 (Md. 2002))). | *Johnson v. Nationstar Mortg., LLC*, No. 14-cv-02536, 2014 U.S. Dist. LEXIS 149275, at *7–8 (D. Md. Oct. 21, 2014) (dismissing a constructive fraud claim based on denial of borrower's loan modification application because "there was no duty to Plaintiff created under [the modification program]"). |

| Section V.D.3.b.<br><br>Plaintiffs' claims for breach of fiduciary duty and constructive fraud fail because PHEAA is not Plaintiffs' fiduciary. | | |
|---|---|---|
| **Jurisdiction** | **Breach of Fiduciary Duty** | **Constructive Fraud** |
| New Jersey | *Santone-Galayda v. Wachovia Mortg., FSB*, No. 10-cv-1065, 2010 U.S. Dist. LEXIS 135496, at *47 (D.N.J. Dec. 22, 2010) ("[T]he presumption that there is no fiduciary duty between a borrower and a lender has been universally embraced by New Jersey courts."). | *Ackerman v. Ackerman*, 44 N.J.L. 173, 175 (N.J. 1882) (explaining that constructive fraud arises from breach of duty, trust, or confidence).<br><br>*Bijeau-Seitz v. Atl. Coast Mortg. Servs.*, No. 12-cv-6372, 2013 U.S. Dist. LEXIS 90877, at *18–19 (D.N.J. June 27, 2013) (holding that a creditor bank neither owed the borrower plaintiffs a duty to service their loan properly that would make them liable in tort, nor did it assume an independent duty after voluntarily providing financial advice to plaintiffs seeking a mortgage modification). |
| New York | *Harte v. Ocwen Fin. Corp.*, No. 13-cv-5410, 2014 U.S. Dist. LEXIS 132611, at *44–45 (E.D.N.Y. Sept. 19, 2014) (explaining that the relationship between mortgage servicer and borrower does not ordinarily give rise to a fiduciary or special relationship). | *Del Vecchio v. Nassau Cnty.*, 118 A.D.2d 615, 617–18 (N.Y. App. Div. 1986) ("In order to recover damages for constructive fraud, the following elements must be established: that (1) a representation was made, (2) the representation dealt with a material fact, (3) the representation was false, (4) the representation was made with the intent to make the other party rely upon it, (5) the other party did, in fact, rely on the representation without knowledge of its falsity, (6) injury resulted and (7) the parties are in a fiduciary or confidential relationship."). |

4

| **Section V.D.3.b.** |||
|---|---|---|
| **Plaintiffs' claims for breach of fiduciary duty and constructive fraud fail because PHEAA is not Plaintiffs' fiduciary.** |||
| **Jurisdiction** | **Breach of Fiduciary Duty** | **Constructive Fraud** |
| Oregon | *Fleshman v. Wells Fargo Bank, N.A.*, 27 F. Supp. 3d 1127, 1132 (D. Ore. 2014) ("[A] loan servicer-borrower relationship is not a special relationship capable of allowing tort-type damages . . . ."). | *US Nat. Bank of Portland v. Guiss*, 331 P.2d 865, 875–76 (Or. 1958) ("Constructive fraud is a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." (internal citation omitted)). |
| Pennsylvania | *Taggart v. Wells Fargo Home Mortg., Inc.*, No. 10-cv-00843, 2010 U.S. Dist. LEXIS 102747, at *25–26 (E.D. Pa. Sep. 27, 2010) ("Pursuant to Pennsylvania law, a lender normally does not have a fiduciary duty to a borrower. . . . A lender owes a [fiduciary] duty to the borrower only if a confidential relationship is created whereby the creditor gains substantial control over the debtor's business affairs." (internal citation omitted)). | *Bucci v. Wachovia Bank, N.A.*, 591 F. Supp. 2d 773, 784 (E.D. Pa. 2008) ("In the absence of a confidential relationship, [a] constructive fraud claim must fail." (quoting *Alvarez v. Ins. Co. of N. Am.*, 313 F. App'x 465, 469 (3d Cir. 2008))). |
| Tennessee | *Oak Ridge Precision Indus., Inc. v. First Tennessee Bank Nat. Ass'n*, 835 S.W.2d 25, 30 (Tenn. Ct. App. 1992) (explaining that the relationship between lender and borrower does not give rise to a fiduciary relationship absent special facts and circumstances indicating dominion and influence). | *Cornwell v. Hodge*, No, 44, 1986 Tenn. App. LEXIS 3015, at *8 (Tenn. Ct. App. May 23, 1986) ("Constructive fraud is a breach of legal or equitable duty which, irrespective of the moral guilt of the actor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests."). |

|  | **Section V.D.3.b.**<br><br>**Plaintiffs' claims for breach of fiduciary duty and constructive fraud fail because PHEAA is not Plaintiffs' fiduciary.** |
|---|---|---|
| **Jurisdiction** | **Breach of Fiduciary Duty** | **Constructive Fraud** |
| Virginia | *Grenadier v. BWW Law Grp.*, No. 14-cv-827, 2015 U.S. Dist. LEXIS 11418, at *23 (E.D. Va. Jan. 30, 2015) ("In Virginia, it is well-settled that a lender does not owe a fiduciary duty to a borrower."). | *Douros v. State Farm Fire & Cas. Co.*, 508 F. Supp. 2d 479, 485 (E.D. Va. 2007) (listing breach of legal or equitable duty as a requirement under constructive fraud).<br><br>*Salehi v. Wells Fargo Bank, N.A.*, No. 11-cv-1323, 2012 U.S. Dist. LEXIS 80738, at *11–12 (E.D. Va. June 11, 2012) (finding that there is no "common law duty owed by a loan servicer to a borrower"). |