# Exhibit 7

# Exhibit 7:
# Case Law Supporting PHEAA's Motion to Dismiss the Consolidated Amended Class Action Complaint

| **Section V.D.3.c.** |
|---|
| **Plaintiffs' negligence and negligent misrepresentation claims fail because PHEAA, as a loan servicer, does not owe Plaintiffs a duty of care.** |

| **Jurisdictions where loan servicers owe no duty to borrowers for purposes of Plaintiffs' negligence and negligent misrepresentation claims** ||
|---|---|
| **Jurisdictions** | **Supporting Authority** |
| Alabama | *Selman v. CitiMortgage, Inc.*, No. 12-cv-0441, 2013 U.S. Dist. LEXIS 37017, at *17–21 (S.D. Ala. Mar. 5, 2013) ("no cause of action for negligent or wanton servicing of a mortgage account exists under Alabama law" because no duty is owed to borrowers). |
| D.C. | *Winebarger v. PHEAA*, 411 F. Supp. 3d 1070, 1091–92 (C.D. Cal. 2019) (holding that under D.C. law "loan servicers do not owe general duties of care to borrowers"). |
| Florida | *Hyland v. Navient Corp.*, No. 18-cv-9031, 2019 U.S. Dist. LEXIS 113038, at *29 (S.D.N.Y. July 8, 2019) (holding that student loan servicers do not owe tort duties to borrowers under Florida law). |
| Illinois | *LaSalle Bank Nat'l Assoc v. Paramont Props.*, 588 F. Supp. 2d 840, 853 (N.D. Ill. 2008) ("The Court finds that Illinois does not, and would not, recognize a general duty of care owed by lenders to borrowers."). |
| Kansas | *Queen's Park Oval Asset Holding Tr. v. Belveal*, 2017 Kan. App. Unpub. LEXIS 348, at *14–15 (Kan. Ct. App. May 12, 2017) (holding that loan servicer "had no duty" to borrowers). |
| Maryland | *Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 275 (D. Md. 2015) (holding that it is a "well-established rule that a mortgage servicer does not owe a tort duty to its loan customer"). |
| Massachusetts | *Markle v. HSBC Mortg. Corp. (USA)*, 844 F. Supp. 2d 172, 184–85 (D. Mass. 2011) (holding that mortgage servicers do not owe a duty to borrowers). |

| **Section V.D.3.c.** |||
|---|---|---|
| **Plaintiffs' negligence and negligent misrepresentation claims fail because PHEAA, as a loan servicer, does not owe Plaintiffs a duty of care.** |||
| **Jurisdictions where loan servicers owe no duty to borrowers for purposes of Plaintiffs' negligence and negligent misrepresentation claims** |||
| **Jurisdictions** | **Supporting Authority** ||
| New Jersey | *Bijeau-Seitz v. Atl. Coast Mortg. Servs.*, No. 12-cv-6372, 2013 U.S. Dist. LEXIS 90877, at *18–19 (D.N.J. June 27, 2013) (holding that a creditor bank neither owed the borrower plaintiffs a duty to service their loan properly that would make them liable in tort, nor did it assume an independent duty after voluntarily providing financial advice to plaintiffs seeking a mortgage modification) ||
| New York | *Hyland v. Navient Corp.*, No. 18-cv-9031, 2019 U.S. Dist. LEXIS 113038, at *29 (S.D.N.Y. July 8, 2019) (holding that student loan servicers do not owe tort duties to borrowers under New York law). ||
| Oregon | *Fleshman v. Wells Fargo Bank, N.A.*, 27 F. Supp. 3d 1127, 1132 (D. Or. 2014) (holding that "a loan servicer-borrower relationship is not a special relationship capable of allowing tort-type damages"). ||
| Pennsylvania | *Adams v. Wells Fargo Bank, N.A.*, No. 16-cv-0907, 2017 U.S. Dist. LEXIS 212606, at *6 (E.D. Pa. Dec. 27, 2017) ("It is well established that a lender owes no duty of care to his borrower."  (internal quotation marks omitted)); *Weinstein v. JP Morgan Chase/Chase Fin.*, No. 12-cv-361, 2013 U.S. Dist. LEXIS 65937, at *6–10 (E.D. Pa. May 8, 2013) (Jones, J.) (dismissing a negligence claim on the grounds that a lender's "service provider" owes no duty to a borrower). ||
| Tennessee | *Howard v. Nationstar Mortg., LLC*, No. 16-cv-2831, 2017 U.S. Dist. LEXIS 222636, at *6 (W.D. Tenn. June 13, 2017) (finding that mortgage servicer owed no duty of care to borrower). ||
| Virginia | *Salehi v. Wells Fargo Bank, N.A.*, No. 11-cv-1323, 2012 U.S. Dist. LEXIS 80738, at *11–13 (E.D. Va. June 11, 2012) (finding that there is no "common law duty owed by a loan servicer to a borrower"); *Espejo v. George Mason Mortg., LLC*, No. 09-cv-1295, 2010 U.S. Dist. LEXIS 8190, at *20 n.1 (E.D. Va. Feb. 1, 2010) ("The Court notes that there does not exist a separate cause of action for negligent misrepresentation in Virginia . . . ."). ||

| **Section V.D.3.c** ||
|---|---|
| **Plaintiffs' negligence and negligent misrepresentation claims fail because PHEAA, as a loan servicer, does not owe Plaintiffs a duty of care.** ||
| **Jurisdictions where loan servicers owe no duty to borrowers for purposes of Plaintiffs' negligence claims** ||
| **Jurisdictions** | **Supporting Authority** |
| California | *Winebarger v. PHEAA*, 411 F. Supp. 3d 1070, 1091–92 (C.D. Cal. 2019) (holding that under California law "loan servicers do not owe general duties of care to borrowers"). |
| Connecticut | *Cenatiempo v. Bank of Am., N.A.*, 219 A.3d 767, 791-97 (Conn. 2019) (holding that mortgage servicers do not owe a common-law duty of care to borrowers). |