# Exhibit 8

# Exhibit 8:
# Case Law Supporting PHEAA's Motion to Dismiss the Consolidated Amended Class Action Complaint

| | Section V.E. | | |
|---|---|---|---|
| | The Court should dismiss the majority of Plaintiffs' claims for negligent misrepresentation, constructive fraud, and violations of consumer protection statutes for failure to satisfy 9(b). | | |
| **Jurisdiction** | **Negligent Misrepresentation** | **Constructive Fraud** | **Consumer Protection Statutes** |
| Alabama | *Tutwiler v. Sandoz Inc*., No. 16-cv-01246, 2017 U.S. Dist. LEXIS 122325, at *7 (N.D. Ala. Aug. 3, 2017) (finding that Rule 9(b) applies because "Alabama law defines even negligent misrepresentation as legal fraud") (original emphasis omitted). | | |
| California | *Errico v. Pac. Capital Bank, N.A*., 753 F. Supp. 2d 1034, 1049 (N.D. Cal. 2010) ("[N]egligent misrepresentation 'sounds in fraud' and is subject to Rule 9(b)'s heightened pleading standard . . . .") | *Sacramento E.D.M., Inc. v. Hynes Aviation Indus*., 965 F. Supp. 2d 1141, 1152 (E.D. Cal. 2013) ("Plaintiffs' constructive fraud claim is still subject to the particularity requirement under Rule 9(b)."). | *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that Rule 9(b) applies to CLRA and UCL claims "grounded in fraud"); *Hyland v. Navient Corp*., No. 18-cv-9031, 2019 U.S. Dist. LEXIS 113038, at *31 (S.D.N.Y. July 8, 2019) (applying Rule 9(b) to CLRA claims against a student loan servicer). |

| Section V.E. |||
| :--- |
| The Court should dismiss the majority of Plaintiffs' claims for negligent misrepresentation, constructive fraud, and violations of consumer protection statutes for failure to satisfy 9(b). |

| Jurisdiction | Negligent Misrepresentation | Constructive Fraud | Consumer Protection Statutes |
| --- | --- | --- | --- |
| Connecticut | *McCullough v. World Wrestling Entm't, Inc.*, 172 F. Supp. 3d 528, 561 (D. Conn. 2016) ("The requirements of Rule 9(b) are also applicable to negligent misrepresentation claims."). | | *In re Trilegiant Corp.*, 11 F. Supp. 3d 82, 120 (D. Conn. 2014) (holding that while fraud is not a necessary element under CUTPA, when "allegations of fraudulent conduct form a necessary foundation" of a CUTPA claim, it must be pled according to Rule 9(b)). |
| D.C. | *Boomer Dev., LLC v. Nat'l Ass'n of Home Builders of the U.S.*, 258 F. Supp. 3d 1, 20 (D.D.C. 2017) ("[L]ike claims for fraudulent misrepresentation, Rule 9(b)'s particularity requirements apply to claims for negligent misrepresentation.") (internal citation and quotation marks omitted). | *3D Glob. Sols., Inc. v. MVM, Inc.*, 552 F. Supp. 2d 1, 7–8 (D.D.C. 2008) (dismissing a constructive fraud claim under D.C. law for failure to plead with the particularity required by Rule 9(b)). | |

| Section V.E. |
|---|
| **The Court should dismiss the majority of Plaintiffs' claims for negligent misrepresentation, constructive fraud, and violations of consumer protection statutes for failure to satisfy 9(b).** |

| Jurisdiction | Negligent Misrepresentation | Constructive Fraud | Consumer Protection Statutes |
|---|---|---|---|
| Florida | *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1352–53 (S.D. Fla. 2016) (dismissing a negligent misrepresentation claim arising from statements on the defendant's website because "[t]he allegations that are the basis for [the] negligent misrepresentation claim do not satisfy th[e] Rule 9(b) standard") | | *Leon v. Cont'l AG*, 301 F. Supp. 3d 1203, 1226 (S.D. Fla. 2017) (applying Rule 9(b) to FDUTPA claims sounding in fraud); *Hyland v. Navient Corp.*, No. 18-cv-9031, 2019 U.S. Dist. LEXIS 113038, at *31 (applying Rule 9(b) to FDUTPA claims against a student loan servicer). |
| Illinois | | *Taylor v. Feinberg*, No. 08-cv-5588, 2009 U.S. Dist. LEXIS 89084, at *17–18 (N.D. Ill. Sep. 28, 2009) (holding that constructive fraud "clearly falls within Rule 9(b)'s scope"). | *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736–37 (7th Cir. 2014) (holding that Rule 9(b) applies to an ICFA claim "premised upon a course of fraudulent conduct"). |
| Kansas | *Christenson Media Grp., Inc. v. Lang Indus.*, No. 10-cv-2505, 2012 U.S. Dist. LEXIS 21901, at *2 (D. Kan. Feb. 22, 2012) (dismissing a claim that "fails to state a claim for intentional or negligent misrepresentation with the necessary particularity" required by Rule 9(b)). | *Geer v. Cox*, 242 F. Supp. 2d 1009, 1024 (D. Kan. 2003) (dismissing a deficient constructive fraud claim under Rule 9(b) because "[a]ny claim of fraud must be pleaded with particularity"). | *Thompson v. Jiffy Lube Int'l, Inc.*, 505 F. Supp. 2d 907, 930–32 (D. Kan. 2007) (explaining the applicability of Rule 9(b) to KCPA actions, noting that "[m]ost KCPA claims involve aspects of fraud"). |

| | Section V.E. The Court should dismiss the majority of Plaintiffs' claims for negligent misrepresentation, constructive fraud, and violations of consumer protection statutes for failure to satisfy 9(b). | | |
|---|---|---|---|
| **Jurisdiction** | **Negligent Misrepresentation** | **Constructive Fraud** | **Consumer Protection Statutes** |
| Maryland | | *Hess v. Kafka*, 221 F. Supp. 3d 669, 675–76 (D. Md. 2016) (applying Rule 9(b) to a constructive fraud claim because "[f]raud is a generic term and includes constructive fraud as well as actual fraud"). | *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) ("[T]he MCPA claim, which sounds in fraud, is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b) . . . ."); *Hyland v. Navient Corp.*, No. 18-cv-9031, 2019 U.S. Dist. LEXIS 113038, at *31 (applying Rule 9(b) to MCPA claims against a student loan servicer). |
| Massachusetts | *Miller Inv. Trust v. Morgan Stanley & Co., LLC*, 308 F. Supp. 3d 411, 449 (D. Mass. 2018) (holding that "Rule 9(b) applies where the complaint and the claims overall sound in fraud"). | *Petricca v. Simpson*, 862 F. Supp. 13, 15–16 (D. Mass. 1994) (dismissing a constructive fraud claim for failure to satisfy Rule 9(b)). | *Rick v. Profit Mgmt. Assocs.*, 241 F. Supp. 3d 215, 225 (D. Mass. 2017) ("A 93A claim sounding in fraud must satisfy the heightened pleading requirement of Fed. R. Civ. P. 9(b)."). |

| | Section V.E. |
|---|---|
| | **The Court should dismiss the majority of Plaintiffs' claims for negligent misrepresentation, constructive fraud, and violations of consumer protection statutes for failure to satisfy 9(b).** |

| Jurisdiction | Negligent Misrepresentation | Constructive Fraud | Consumer Protection Statutes |
|---|---|---|---|
| Missouri | *In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*, 687 F. Supp. 2d 897, 904 n.3 (W.D. Mo. 2009) ("The Court rejects Plaintiffs' intimation that Rule 9(b) does not apply to claims of negligent misrepresentation."). | *Wiley v. Mitchell*, 106 F. App'x 517, 521–22 (8th Cir. 2004) (affirming the district court's grant of summary judgment on a constructive fraud claim for failure to plead with particularity under Rule 9(b)). | *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 719 (8th Cir. 2017) (dismissing an MMPA claim alleging "fraudulent and deceptive acts" for failure to comply with Rule 9(b)). |
| New Jersey | *Dist. 1199P Health & Welfare Plan v. Janssen, L.P.*, 784 F. Supp. 2d 508, 532 (D.N.J. 2011) (listing the elements of negligent misrepresentation and fraud under New Jersey law and concluding that "[t]he pleading requirements of Rule 9(b) apply to these claims"). | *Inventory Recovery Corp. v. Gabriel*, No. 11-cv-01604, 2012 U.S. Dist. LEXIS 100908, at *7–8 (D.N.J. July 20, 2012) (dismissing a constructive fraud claim based on allegations that were not pled with the particularity required under Rule 9(b)). | *Frederico v. Home Depot*, 507 F.3d 188, 202–03 (3rd Cir. 2007) (dismissing an NJCFA claim for failure to comply with the Rule 9(b) pleading standard). |

| | Section V.E. The Court should dismiss the majority of Plaintiffs' claims for negligent misrepresentation, constructive fraud, and violations of consumer protection statutes for failure to satisfy 9(b). | | |
|---|---|---|---|
| **Jurisdiction** | **Negligent Misrepresentation** | **Constructive Fraud** | **Consumer Protection Statutes** |
| New York | *Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F. Supp. 3d 377, 403 (E.D.N.Y. 2018) ("[C]laims for negligent misrepresentation under New York law must be pled in accordance with the specificity criteria of Rule 9(b).") (quoting *Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 350 (E.D.N.Y. 2014) (internal quotation marks omitted). | *Spinnato v. Unity of Omaha Life Ins. Co.*, 322 F. Supp. 3d 377, 404 (E.D.N.Y. 2018) ("Courts in the Second Circuit have traditionally applied Rule 9(b) to constructive fraud as it closely resembles the legal elements of a fraud claim."). | |
| Oregon | *Timberline Hills Investors, LLC v. Hoviss Dev. Grp.*, LLC, No. 15-cv-02170, 2016 U.S. Dist. LEXIS 87940, at *8–9 (D. Or. July 7, 2016) (granting motion to strike negligent misrepresentation claims based on factual allegations of fraud, including those incorporated by reference, that did not comply with Rule 9(b)) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003)). | | |

6

| | **Section V.E.**<br><br>**The Court should dismiss the majority of Plaintiffs' claims for negligent misrepresentation, constructive fraud, and violations of consumer protection statutes for failure to satisfy 9(b).** | | |
| --- | --- | --- | --- |
| **Jurisdiction** | **Negligent Misrepresentation** | **Constructive Fraud** | **Consumer Protection Statutes** |
| Pennsylvania | *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 142 (E.D. Pa. 2007) ("The particularity requirement of Rule 9(b) applies to claims of negligent misrepresentation.") | *Pennington v. Wells Fargo Bank, N.A.*, No. 11-cv-2896, 2012 U.S. Dist. LEXIS 151206, at *10 (E.D. Pa. Oct. 19, 2012) ("[W]hen alleging constructive fraud a plaintiff is required to meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b)."). | *Schmidt v. Ford Motor Co.*, 972 F. Supp. 2d 712, 720–21 (E.D. Pa. 2013) (dismissing UTPCPL claim based on allegations of fraud for failure to comply with Rule 9(b)); *Weinstein v. JP Morgan Chase/Chase Fin.*, No. 12-cv-361, 2013 U.S. Dist. LEXIS 65937, at *10–12 (E.D. Pa. May 8, 2013) (Jones, J.) (dismissing a UTPCPL claim reciting the elements of the catch-all provision for failure to comply with Rule 9(b)). |

7

| | Section V.E. | | |
|---|---|---|---|
| | **The Court should dismiss the majority of Plaintiffs' claims for negligent misrepresentation, constructive fraud, and violations of consumer protection statutes for failure to satisfy 9(b).** | | |
| **Jurisdiction** | **Negligent Misrepresentation** | **Constructive Fraud** | **Consumer Protection Statutes** |
| Tennessee | *Asemota v. Suntrust Mortg.*, No. 11-cv-2816, 2012 U.S. Dist. LEXIS 83744, at *31 (W.D. Tenn. June 18, 2012) ("Claims of negligent misrepresentation must be pled with the particularity required by the heightened pleading standard of Rule 9(b)."). | *Minn. Life Ins. Co. v. Wilmington Trust Co.*, No. 14-cv-443, 2016 U.S. Dist. LEXIS 27730, at *19 (E.D. Tenn. Mar. 4, 2016) ("In sum, the Court finds that [the] constructive fraud claim has not been alleged with particularity, in violation of Rule 9(b) of the Federal Rules of Civil Procedure. Accordingly, this claim is dismissed."). | |
| Virginia | *Schmidt v. Wells Fargo Home Mortg.*, No. 11-cv-059, 2011 U.S. Dist. LEXIS 45122, at *11–14 (E.D. Va. Apr. 26, 2011) (dismissing a negligent misrepresentation claim, among others, for failure to comply with Rule 9(b)). | *Schmidt v. Wells Fargo Home Mortg.*, No. 11-cv-059, 2011 U.S. Dist. LEXIS 45122, at *12–13 (E.D. Va. Apr. 26, 2011) (dismissing a constructive fraud claim for failure to comply with Rule 9(b)). | |

| Section V.E. | | | |
|---|---|---|---|
| **The Court should dismiss the majority of Plaintiffs' claims for negligent misrepresentation, constructive fraud, and violations of consumer protection statutes for failure to satisfy 9(b).** | | | |
| **Jurisdiction** | **Negligent Misrepresentation** | **Constructive Fraud** | **Consumer Protection Statutes** |
| Washington | *Joern v. Ocwen Loan Servicing, LLC*, No. 10-cv-0134, 2010 U.S. Dist. LEXIS 92703, at \*15–17 (E.D. Wash. Sep. 2, 2010) (dismissing a negligent misrepresentation claim, grounded in allegations of fraud that failed to meet the Rule 9(b) standard). | *Search v. Bank of Am., N.A.*, No. 12-cv-52, 2012 U.S. Dist. LEXIS 142622, at \*14–15 (W.D. Wash. Oct. 2, 2012) (dismissing a constructive fraud claim with prejudice, in part because amendment would be futile given the heightened pleading standard under Rule 9(b)). | *Goodman v. HTC Am., Inc.*, No. 11-cv-1793, 2012 U.S. Dist. LEXIS 88496, at \*44–45 (W.D. Wash. June 26, 2012) (applying Rule 9(b) to dismiss a WCPA claim which "alleges fraudulent conduct"). |