**Ballard Spahr LLP**

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Jason A. Leckerman
Tel: 215.864.8266
Fax: 215.864.8999
leckermanj@ballardspahr.com

March 30, 2020

*By Electronic Filing*

The Honorable C. Darnell Jones, II
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *In re: Fedloan Student Loan Servicing Litigation*, Dkt. No. 18-2833

Dear Judge Jones:

In support of its Motion to Dismiss (Doc. No. 55), Defendant Pennsylvania Higher Education Assistance Agency (PHEAA) respectfully submits this notice of supplemental authority concerning two recent opinions bearing on the issues in this case: *Love v. PHEAA*, No. 19-cv-2387, 2020 U.S. Dist. LEXIS 50190 (N.D. Ga. Mar. 16, 2020) (attached as Exhibit A), and *Wong v. Navient*, No. 19-cv-1233, 2020 U.S. Dist. LEXIS 34830 (W.D. Wash. Feb. 28, 2020) (attached as Exhibit B).

**I.   *Love v. PHEAA***

On March 16, 2020, the United States District Court for the Northern District of Georgia dismissed the class-action plaintiffs' state-law claims that PHEAA failed to properly administer the Public Service Loan Forgiveness (PSLF) program. *Love*, 2020 U.S. Dist. LEXIS 50190, at *24. The court concluded that the plaintiffs, who had not alleged completion of the 120 qualifying payments necessary to obtain loan forgiveness, failed to allege an injury-in-fact sufficient to confer Article III standing. The court also found that the plaintiffs' claims were unripe for similar reasons. The court explained:

> [A]t the core of Plaintiffs' PSLF Program Claims is the fear that they would have made 120 qualifying payments and would have worked for a qualified employer for 10 years and therefore should be eligible to submit an application to the [Department of Education] for loan forgiveness, but they will be unable to do so or their application will ultimately be denied because PHEAA would have failed to calculate their qualifying payments correctly. However, this "speculative chain of possibilities" requires both assumptions that Plaintiffs will fulfill all of the PSLF program requirements and guesswork regarding the [Department of Education's] future decision on specific plaintiffs'

The Honorable C. Darnell Jones, II
March 30, 2020
Page 2

> applications. This is the type of hypothetical injury that courts have found to be insufficient to confer standing.
>
> Indeed, Plaintiffs have not applied for loan forgiveness nor have they alleged that they are currently eligible to do so. The Complaint also does not allege the reason for the high rate of application denials to date. To conclude that those denials portend that Plaintiffs' applications will likewise be denied is to engage in speculation.
>
> . . .
>
> In sum, taking the allegations in the Complaint as true and viewing them in the light most favorable to Plaintiffs, the Court concludes that the feared denials of Plaintiffs' not yet filed applications depend on future contingencies that may or may not occur and therefore are not 'certainly impending.' They are based on conjecture. Accordingly, Plaintiffs do not have standing to bring their PSLF Program Claims.

*Id.* at *12–13 (internal citations and footnotes omitted).

The court applied the same analysis "to the consideration of whether these issues are fit for adjudication at this time," and reached the same conclusion: that because plaintiffs' claims were "hypothetical and involve contingencies that require speculation," they were "premature" and thus not "fit for adjudication at this time." *Id.* at *14–15.

PHEAA submits that this supplemental authority strongly supports its arguments for dismissal of many of Plaintiffs' claims on the basis of standing and ripeness. (*See* Doc. No. 55-2, at 33–40).

## II.     *Wong v. Navient*

In *Wong v. Navient*, the plaintiff sued Navient, a student loan servicer, alleging state-law tort claims and violations of the Fair Debt Collection Practices Act. 2020 U.S. Dist. LEXIS 34830, at *9–10. On February 28, 2020, the court granted Navient's motion for summary judgment on all of the plaintiff's claims, including his state-law negligence and negligent misrepresentation claims—which are among the claims asserted by Plaintiffs here.

The court ruled that the plaintiff's negligence claim failed because "the existence of a duty is an essential element of a negligence claim" and "[l]oan service providers do not owe a duty of care to borrowers under Washington law." *Id.* at *15–16 (citing *Smokiam RV Resort LLC v. William Jordan Capital*, No. 17-cv-0885, 2017 WL 4224408, at *4 (W.D. Wash. Sept. 22, 2017)). Moreover, the court held that neither loan servicers nor lenders "owe a fiduciary duty to borrowers" under Washington law, unless "the lender's actions in servicing the loan exceed that of a traditional lender." *Id.* at 16. Because there was no evidence that

The Honorable C. Darnell Jones, II
March 30, 2020
Page 3

Navient "exceed[ed] the role of a traditional lender in servicing" the plaintiff's loans, no fiduciary duty existed. *Id.*

The court entered summary judgment on the plaintiff's negligent misrepresentation claim because there was no evidence that Navient "knowingly supplied false information in the course of business." *Id.* at 17 (citing *Thomas v. Flagstar Bank, NA*, No. 15-cv-1309, 2018 WL 1470836, at *5 (W.D. Wash. Mar. 26, 2018)).

PHEAA submits that this supplemental authority strongly supports its arguments for dismissal of the Washington Plaintiffs' claims for negligence, negligent misrepresentation, and breach of fiduciary duty. (*See* Doc. No. 55-2, at 48–52, 56, Exs. 6–7).

Respectfully,

Jason A. Leckerman
JAL/rm

cc:     All Counsel of Record (via ECF)