# Ballard Spahr LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Jason A. Leckerman
Tel: 215.864.8266
Fax: 215.864.8999
leckermanj@ballardspahr.com

March 17, 2022

*By Electronic Filing*

The Honorable C. Darnell Jones, II
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:   *In re: Fedloan Student Loan Servicing Litigation*, Dkt. No. 18-2833

Dear Judge Jones:

In support of its Motion to Dismiss (Doc. No. 55), Defendant Pennsylvania Higher Education Assistance Agency (PHEAA) respectfully submits this notice of supplemental authority concerning an opinion bearing on the issues in this case.

On March 1, 2022, the United States District Court for the District of New Jersey dismissed three separately filed putative class actions brought by student loan borrowers against multiple federal student loan servicers, including PHEAA.[1]  Granting the servicer defendants' motion to dismiss pursuant to Rule 12(b)(1), the court concluded that, as PHEAA argues here, the plaintiffs lacked standing because they had not suffered an injury in fact, and any alleged future injury regarding loan payment obligations is too speculative to satisfy the jurisdictional requirements for Article III standing.  Ex. A at 5.

In support of its determination, the court favorably cited several recent opinions addressing claims relating to a program at issue in this case—Public Service Loan Forgiveness (PSLF)—and observed: "Courts have generally held that . . . borrowers do not have standing to sue until they have suffered the actual injury alleged: making more than 120 payments while working in public service."  *Id.* at 18–19 (citing *Meenan v. Navient Corp.*, No. CV-20-08122, 2020 U.S. Dist. LEXIS 155652, at *4–5 (D. Ariz. Aug. 27, 2020); *Winebarger v. PHEAA*, 411 F. Supp. 3d 1070, 1086–87 (C.D. Cal. 2019); *Love v. PHEAA*, No. 1:19-cv-02387, 2020 U.S. Dist. LEXIS 50190, at *12–13 (N.D. Ga. Mar. 16, 2020)).  The court concluded:

---

[1]   Case No. 21-cv-01047, Case No. 21-cv-01052; and Case No. 21-cv-09096.  The opinion is attached as Exhibit A, and is also available as *Lyons v. Great Lakes Educ. Loan Servs.*, 2022 U.S. Dist. LEXIS 35487 (D.N.J. Mar. 1, 2022).

The Honorable C. Darnell Jones, II
March 17, 2022
Page 2

> Like the plaintiffs in the above-referenced cases, Plaintiffs here allege that they will have to pay more in the future to satisfy their outstanding federal student loans. While the student borrower plaintiffs in the PSLF program alleged they would have to make more than 120 payments to qualify for loan forgiveness due to those defendants' conduct, Plaintiffs allege that they will have to pay more in interest to fully satisfy their student loan debt due to Defendants' proportional payment allocation method. However, none of the Plaintiffs can say with certainty when student loan interest may again begin to accrue, as the CARES Act Forbearance Period has been extended numerous times since the original Complaints were filed, most recently until May 1, 2022. Additionally, no injury would materialize until Plaintiffs have to pay a single dollar towards "wrongfully" accrued student loan interest—which could be years in the future. This "speculative chain of possibilities" is the exact type of "hypothetical or abstract disputes" that federal courts are prohibited from adjudicating under Article III of the Constitution.

*Id.* at 19–20. The court also noted that because "the issues of standing and ripeness turn[ed] on the same question of 'whether the threat of future harm . . . is sufficiently immediate to constitute a cognizable injury,'" the plaintiffs' claims were also unripe. *Id.* at 20 n.12 (quoting *Free Speech Coalition v. Att'y Gen.*, 825 F.3d 149, 167 n.15 (3d Cir. 2016)).

PHEAA submits that this supplemental authority strongly supports its arguments for dismissal of many of Plaintiffs' claims on the basis of standing and ripeness.[2]

Respectfully,

Jason A. Leckerman
JAL/rm

cc:   All Counsel of Record (via ECF)

---

[2] *See* Doc. No. 55-2, PHEAA Memorandum of Law in Support of Mtn. to Dismiss, at 33–37 (seeking dismissal of all claims by Plaintiffs Coleman, Gallagher, Gupta, Harig, Jones, King, Lathrop, Levis, Meckfessel, Miller, Morris, and Webb); Doc. No. 73, PHEAA Reply Memorandum in Support of Mtn. to Dismiss, at 1–2 (same).