

March 24, 2022

**VIA ECF**

The Honorable C. Darnell Jones, II
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

    Re:    *In Re: Fedloan Student Loan Servicing Litig.*,
              <u>Case No. 2:18-md-02833-CDJ (E.D. Pa.)</u>

Dear Judge Jones:

    Plaintiffs write in response to PHEAA's March 17, 2022, letter and notice of supplemental authority concerning the recent decision, *Lyons v. Great Lakes Educ. Loan Servs., Inc.*, No. 21-cv-01047, 2022 WL 602972 (D.N.J. Mar. 1, 2022). *See* ECF No. 78.

    The court's decision in *Lyons* follows a few district court decisions outside of the Third Circuit that incorrectly concluded PSLF plaintiffs did not suffer an actual or imminent injury in fact where they hadn't yet made 120 payments toward loan forgiveness. However, as Plaintiffs note in their opposition papers, the courts in those same cases (and now the court in *Lyons*) did not consider key allegations that demonstrate the imminent nature of PSLF Plaintiffs' future harm, and thus Article III standing. *See* Plaintiffs' Opposition to PHEAA's Motion to Dismiss, ECF No. 64, at n. 23. For instance, the fact that PSLF Plaintiffs for several years have been employed by a PSLF qualifying employer, have consistently made payments toward forgiveness, and completed PSLF certifications demonstrates their commitment and intent to apply for PSLF forgiveness at a time certain. Moreover, Defendants' long-standing (and continuing) pattern of miscounting qualifying payments and failing to disclose borrowers' ineligibility for the PSLF Program further supports the impending certainty of harm in this action. Any potential for PSLF Plaintiffs to abandon the PSLF Program will be largely influenced by Defendants' continued failures.

    Although the alleged harm in *Lyons* is similar, *i.e.*, additional payments of principal and interest over the course of the loan, unlike the PSLF Plaintiffs in this Action, the plaintiffs in *Lyons* were in fact able to completely avoid any harm at all by instructing their loan servicer on how to allocate (or reallocate) their loan prepayments. The Court found that the plaintiffs' ability to prevent injury from even occurring "'stretched beyond the breaking point' [of] Article III's immediacy requirement." *Lyons*, 2022 WL 602972, at *10. Here, when PSLF Plaintiffs

www.lowey.com

One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035




March 24, 2022
Page 2

submitted their PSLF certification forms, their eligibility for the PSLF Program and whether their payments counted toward forgiveness was entirely in the hands of Defendants.[1]

For these reasons and those set forth in Plaintiffs' opposition and sur-reply briefs, Plaintiffs respectfully request that PHEAA's (and the Department's) motions to dismiss be denied in their entirety. Plaintiffs also request oral argument to be held on Defendants' pending motions to dismiss.

Respectfully submitted,

*/s/ Laura Mummert*
**LOWEY DANNENBERG, P.C.**
100 Front Street, Suite 520
W. Conshohocken, PA 19428
Tel: (215) 399-4785
Fax: (914) 997-0035
Email: lmummert@lowey.com

*Co-Lead Counsel for Plaintiffs*

*/s/ Gary Lynch*
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
Email: gary@lcllp.com

*Co-Lead Counsel for Plaintiffs*

cc:   All Counsel of Record *via* ECF

---

[1] The factual context of the court's decision in *Lyons* is also distinguishable, as the plaintiffs' claims arose from the defendants' alleged wrongful allocation of student loan prepayments during the CARES Act forbearance period—an issue not raised in the instant MDL. *See Lyons*, 2022 WL 602972, at *1 (plaintiffs allege that "the loan servicers wrongfully allocated the Plaintiffs' payments made on their federal student loans after the Coronavirus Aid, Relief, and Economic Security Act ('CARES Act') was passed in March 2020.").

www.lowey.com

One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035