**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: FEDLOAN STUDENT LOAN SERVICING LITIGATION | Case No. 18-md-02833<br><br>HON. NITZA I. QUIÑONES<br><br>Oral Argument Requested |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY**

**A.  INTRODUCTION**

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiffs respectfully move for an order partially lifting the July 25, 2018,[1] stay of discovery to allow Plaintiffs to serve limited and targeted document requests on Defendants that seek documents produced in the following proceedings brought by state attorneys general, including (i) documents and data produced by PHEAA, (ii) deposition transcripts, and (iii) documents produced by the U.S. Department of Education and other federal agencies in response to third-party subpoenas (the "State AG Documents"):

- *Commonwealth of Massachusetts v. Pennsylvania Higher Education Assistance Agency, d/b/a/ FedLoan Servicing*, No. 1784-cv-02682 (Mass. Supp. Ct.) (the "Mass. AG Action") (alleging *inter alia*, that PHEAA/FedLoan failed to timely and properly process borrower's income-driven repayment ("IDR") plan applications, improperly converted TEACH grants to loans, and failed to properly calculate borrowers' qualifying payments under the PSLF program); and

- *People of the State of New York v. Pennsylvania Higher Education Assistance Agency*, No. 1:19-cv-09155 (S.D.N.Y.) (the "NY AG Action") (alleging, *inter alia*, that PHEAA/FedLoan fails to accurately count borrowers' PSLF qualifying payments and fails to timely and accurately process IDR plan paperwork)

(collectively the "State AG Actions").

---

[1] ECF No. 9 at p. 3 ("All discovery proceedings in these actions are stayed until further Order of this Court …").

The State AG Documents are highly relevant to this action because the allegations in the State AG Actions are nearly identical to the allegations here. The discovery produced in those two actions has been already collected, reviewed for relevance and privilege, and is available in a producible format such that the cost and burden to Defendants here, if any, is extremely minimal. Courts consistently have found that production of such documents imposes no undue burden or prejudice on defendants and will facilitate the ultimate progress of this litigation and streamline future discovery.[2]

## B.  BACKGROUND

### 1.  Plaintiffs' Claims and the MDL

This MDL originated in early 2017 and stems from Defendants U.S. Department of Education's (the "Department")[3] and Pennsylvania Higher Education Assistance Agency's ("PHEAA" or "FedLoan") failure to comply with certain statutes and regulations that govern the following federal student loan programs and repayment plans to the financial detriment of millions of federal student loan borrowers, including Plaintiffs: (i) the TEACH Grant Program, (ii) the Public Service Loan Forgiveness ("PSLF") Program, and (iii) Income Driven Repayment ("IDR") Plans. The various lawsuits brought against Defendants PHEAA and the Department were transferred by the JPML to this Court on June 18, 2018, for coordinated or consolidated pretrial proceedings. ECF No. 1.

An initial pre-trial conference was held October 15, 2018, after which the Court appointed the undersigned as Co-Lead Counsel, as well as a 6-member Executive Committee. ECF Nos. 9 (at ¶ 15), 20, and 29. On October 22, 2018, the Court issued an amended order

---

[2] Any confidentiality concerns are readily addressed by a negotiated and court-approved protective order.

[3] In addition to the Department, Plaintiffs have also sued the Secretary of Education in their official capacity as the ultimate agency head.

requiring the parties to submit briefing on the following discreet issues: (1) the effect of dismissal of Ohio Plaintiffs' Amended Complaint for purposes of inclusion in the instant litigation; and (2) the extent to which preliminary class discovery may be required or is not necessary prior to submission of an Amended Class Complaint. ECF No. 31. After the parties briefed the issues, the Court issued an order on September 12, 2019, stating "[t]here shall be no preliminary class discovery." ECF No. 42.

Plaintiffs filed the Consolidated Amended Class Action Complaint (the "Complaint") on November 12, 2019 (ECF No. 49) alleging that Defendants failed to comply with various statutory and regulatory requirements in the administration of the following financial aid and student loan programs under Title IV of the Higher Education Act of 1965, 20 U.S.C. § 1001, *et seq.*: (1) the TEACH Grant Program, (2) the PSLF Program, and (3) IDR Plans under the federal FFEL and Direct Loan Programs.

Relevant to this motion, Plaintiffs allege that Defendants failed to timely and properly process TEACH Grant annual certification paperwork (¶¶ 375-385); failed to timely and properly process borrowers' applications for enrollment and annual recertification for IDR plans (¶¶ 423-433); failed to correctly calculate borrowers' PSLF qualifying payments (¶¶ 20-23); misled borrowers about the eligibility requirements for PSLF and borrowers' compliance (¶¶ 469-478); and steered borrowers into forbearance instead of IDR plans (¶¶ 27, 215). PHEAA and the Department moved to dismiss the Complaint on February 11, 2020, and March 31, 2020, respectively (ECF Nos. 55, 61). Defendants' motions were fully briefed in September 2020 and are pending this Court's determination.[4]

---

[4] Although Defendants' motions to dismiss have not yet been decided, and discovery has not yet commenced, on May 20, 2022, and June 14, 2022, the Department and PHEAA filed Suggestions of Mootness, respectively (ECF Nos. 80 and 81), on the basis that certain Plaintiff's claims are moot because of various initiatives taken by the

The parties have not yet engaged in any discovery. Pursuant to the Court's July 25, 2018, Order, "[a]ll discovery proceedings are stayed until further Order of this Court and the time requirements to perform any acts or file any papers pursuant to Rule 26 through 37, Federal Rules of Civil Procedure, are tolled until the first pretrial conference, at which time a discovery schedule will be established." ECF No. 9 at ¶ 13. Although an initial pretrial conference was conducted on October 5, 2018, a discovery schedule was not set at that time.

2. **The State AG Actions**

Prior to the transfer and consolidation of the individual cases underlying this MDL, certain State AGs filed parallel civil proceedings against PHEAA.

    a. ***Commonwealth of Massachusetts v. Pennsylvania Higher Education Assistance Agency, d/b/a/ FedLoan Servicing***, **No. 1784-02682-BLS2 (Mass. Supp. Ct.)**

On August 23, 2017, the Massachusetts Attorney General (the "MA AG") filed a complaint, as amended on October 19, 2020, against PHEAA in Massachusetts Suffolk County Superior Court alleging, *inter alia*, that PHEAA failed to properly service federal student loans with respect to the TEACH, IDR, and PSLF Programs in violation of Massachusetts state law. Like Plaintiffs here, the MA AG alleged that PHEAA (1) failed to timely and properly process TEACH Grant annual certification paperwork (¶¶ 66-71); (2) failed to timely and properly process borrowers' IDR applications (¶¶ 64-65); (3) failed to correctly calculate borrowers' PSLF qualifying payments (¶¶ 53-65); (4) misled borrowers about the eligibility requirements for PSLF and borrowers' compliance (¶¶ 53-65); and (5) steers borrowers into forbearance instead of IDR plans (¶¶ 56-57). The Court sustained the MA AG's complaint on February 28, 2018 in its entirety. Fact and expert discovery closed in July and November 2020, respectively.

---

Department since the commencement of this action. Plaintiffs responded to Defendants' Suggestions of Mootness on July 6, 2022 (ECF No. 83).

4

*See* April 30, 2020 Order. The parties subsequently reached a settlement on February 6, 2021 and filed a stipulation of dismissal on May 26, 2021.

### b. *People of the State of New York v. Pennsylvania Higher Education Assistance Agency*, No. 1:19-cv-09155 (S.D.N.Y.)

On October 3, 2019, the New York Attorney General ("NY AG") filed a complaint against PHEAA focusing on two programs, the PSLF and IDR plans. Like Plaintiffs, the NY AG alleged that PHEAA: (1) failed to accurately count PSLF eligible qualifying payments (¶¶ 76-90); and (2) failed to timely and properly process borrowers' IDR applications (¶¶ 175-182). On May 1, 2020, the Court largely sustained the NY AG's claims. *See* ECF No. 58.

According to PHEAA, it produced "over 13,000 documents consisting of over 200,000 pages," and after "undertaking a custodial email review of between 150,000 and 250,000 additional documents … created on or after August 26, 2016, for 31 different custodians," presumably produced additional custodial documents. *See* ECF No. 83 at 12 (PHEAA Opp. to Mot. to Compel.). These documents included contracts, policies, procedures, training materials, communication templates, and "vast amounts of borrower data … necessary to establish the propriety of PHEAA's loan processing," for the period August 27, 2016, through "the present." *Id*. The Court compelled PHEAA to additionally produce documents responsive to the NY AG's document requests for the earlier period October 3, 2013, through August 26, 2016. ECF No. 95 (March 30, 2022 Order). Upon information and belief, the NY AG also sought discovery from the Department and other federal agencies. *See* ECF No. 91 (Order setting December 8, 2021, as the deadline to seek discovery from federal agencies).

Fact and expert discovery closed on January 24, 2022, and March 10, 2022, respectively. *See* ECF No. 91. The parties subsequently reached a settlement agreement on April 27, 2022 and filed a stipulation of voluntary dismissal on April 29, 2022. *See* ECF No. 98.

## C.    <u>ARGUMENT</u>

Pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, *or by court order.*" *Bath Auth., LLC v. Anzzi LLC*, No. 18-cv-00834, 2018 WL 5112889, at *8 (E.D. Pa. Oct. 19, 2018) (citing FED. R. CIV. P. 26(d)(1)) (emphasis added). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *K-Beech, Inc. v. Doe*, No. 11-cv-7083, 2012 WL 262722, at *2 (E.D. Pa. Jan. 30, 2012) (citing FED. R. CIV. P. 26(b)(1) and (d)(1)).

"Good cause is usually found where the plaintiff's need for expedited discovery, in consideration of the administration of justice, outweighs the possible prejudice or hardship to the defendant." *Fonovisa, Inc. v. Does 1-9*, No. 07-cv-1515, 2008 WL 919701, at *10, n.22 (W.D. Pa. Apr. 3, 2008). The Court may also consider other factors, including the timing of the request in relation to the start of formal discovery, whether the requests are overly broad, and whether the requesting party will suffer irreparable harm. *Barbieri v. Wells Fargo & Co.*, No. 09-cv-3196, 2012 WL 3089373, at *3 (E.D. Pa. July 27, 2012) (citing *Ent. Tech. Corp. v. Walt Disney Imagineering*, No. 03-cv-3546, 2003 WL 22519440, at *4 (E.D. Pa. Oct. 2, 2003)).

Good cause exists here for several reasons. The State AG Documents are highly relevant to Plaintiffs' TEACH Grant, PSLF and IDR claims, which largely mirror those that were the subject of the State AG Actions. Far from an open-ended fishing expedition, the requested discovery is sufficiently narrow and limited to *only* the discovery produced in the State AG Actions. Plaintiffs do not seek, at this time,[5] any additional categories of documents. Further,

---

[5] Plaintiffs reserve all rights to seek additional discovery from Defendants at a later date.

6

Defendants will suffer no prejudice. The State AG Documents have already been collected, reviewed for privilege and relevance, and produced in the State AG Actions. Producing the same materials to Plaintiffs in this matter will require nothing more than sharing an electronic copy of the materials via a secure FTP link or hard drive. *See In re Bank of Am. Cmp. Of Sec, Derivative, & Employment Ret. Income Sec. Act (ERISA) Litig.*, No. 09-MDL-2058, 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16, 2009) ("The burden on the defendants is slight when a defendant has already found, reviewed, and organized the documents.") (internal quotations omitted). Allowing Plaintiffs to obtain the State AG Documents will also allow Plaintiffs to narrow future document requests and streamline the discovery process. As the court in *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, 2017 WL 4417447 (N.D. Ill. Sept. 28, 2017) aptly summarized:

> If there is at most minimal burden in producing the [] AG documents and the documents are relevant to the claims made in Plaintiffs' operative complaints, then the benefits of producing those documents now in terms of moving the case forward to a fair and efficient resolution consistent with Rule 1 of the Federal rules of Civil Procedure weigh in favor of not putting off production until after the motions to dismiss are decided.

*Id.* at *6 (citing FED. R. CIV. P. 1).[6]

For years, Plaintiffs and millions of other federal student loan borrowers have suffered a great and ongoing financial detriment as a result of Defendants' actions. These actions left many borrowers with significant loan balances that they struggle to, and in some instances cannot, repay. With the temporary pause of federal student loan payments and interest under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") coming to an end on or

---

[6] The court in *In re Broiler Chicken Antitrust Litig.* also correctly pointed out regarding stays of discovery prior to a ruling on a motion to dismiss, as is the case here, that "[i[n some cases, such as those under the Private Securities Litigation Reform Act, automatic discovery stays are mandatory while a motion to dismiss is pending. But this is not a PSLRA case." Like *Broiler Chicken*, Plaintiffs' case is not a PSLRA case, and thus the Court should lift its prior order permitting limited discovery. 2017 WL 4417447, at *4.

before August 29, 2023,[7] these borrowers will continue to be irreparably injured and harmed by Defendants' actions. An efficient and quick resolution to their claims is crucial to preventing the continuation of this financial harm. Allowing the requested discovery is a step in that direction. Moreover, the public's outcry over Defendants' actions demonstrates the public interest in "the flow of this Court's judicial docket so that justice may be administered to the instant litigants, as well as all other litigants before the Court, in a timely fashion." *In re Plastics Additives Antitrust Litig.*, No. 03-cv-2038, 2004 WL 2743591, at *8 (E.D. Pa. Nov. 29, 2004).

Courts, including other multi-district litigations, have ordered production of materials produced in parallel criminal, civil, and/or government investigations early in the litigation. *See, e.g.*, *In re Broiler Chicken Antitrust Litig.*, 2017 WL 4417447, at *3-4 (court ordered production of documents previously produced to the Florida Attorney General before resolution of any motions to dismiss); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 1:09-cv-03690, ECF No. 75 (N.D. Ill. Mar. 4, 2010) (ordering "[t]argeted discovery, including, but not limited to the previously produced material in the CFTC investigation" prior to resolution of the motions to dismiss); *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Products Liab. Litig.*, No. 8:10-md-02151, ECF No. 180 (C.D. Cal. June 1, 2010) (ordering production of 75,000 to 100,000 pages of documents produced to governmental entities prior to the filing of the consolidated complaint); *In re High Tech Employee Antitrust Litig.*, No. 11-cv-2509, ECF No. 88 (N.D. Cal. Oct. 26, 2011) (production of DOJ documents prior to resolution of motion to dismiss); *In re Platinum & Palladium Commodities Litig.*, No. 10-cv-3617 (WHP), ECF No. 59 (S.D.N.Y. Nov. 30, 2010) (ordering defendants to produce 250,000 pages of documents already produced to government authorities before the decision on the motion to

---

[7] *See* https://studentaid.gov/announcements-events/covid-19.

dismiss); *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL No. 1456, No. 01-12257 (PBS), ECF No. 161 (D. Mass. Oct. 28, 2002) (ordering defendants to produce documents previously produced "to any federal or state executive or legislative agency or entity in connection with any investigation" less than two months after numerous related complaints were consolidated). Accordingly, production of the State AG Documents should be granted here.

**D.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court lift the stay of discovery and allow Plaintiffs to serve document requests on each of the Defendants seeking all discovery produced in the State AG Actions.[8]

Dated: January 6, 2023

Respectfully submitted,

| **LOWEY DANNENBERG, P.C.** | **LYNCH CARPENTER LLP** |
|---|---|
| /s/ Laura K. Mummert | /s/ Gary F. Lynch |
| Laura K. Mummert (PA ID 85964) | Gary F. Lynch (PA ID 56887) |
| Anthony M. Christina (PA ID 322528) | Jamisen A. Etzel (PA ID 311554) |
| William J. Olson (PA ID 322948) | 1133 Penn Avenue, 5th Floor |
| One Tower Bridge | Pittsburgh, PA 15222 |
| 100 Front Street, Suite 520 | Telephone: (412) 322-9243 |
| West Conshohocken, PA 19428 | gary@lcllp.com |
| Telephone: (215) 399-4770 | jamisen@lcllp.com |
| lmummert@lowey.com | |
| achristina@lowey.com | |
| wolson@lowey.com | |
| | |
| *Co-Lead Counsel for Plaintiffs and the Proposed Class* | *Co-Lead Counsel for Plaintiffs and the Proposed Class* |

---

[8] Although a Protective Order has not yet been entered in this case, Plaintiffs agree to be bound by the Protective Orders entered in the respective State AG Actions until the parties can negotiate and submit a stipulated protective order to the Court in this action.

9

**CERTIFICATE OF SERVICE**

  I, Laura K. Mummert, hereby certify that on January 6, 2023, I filed and served through the Court's ECF system a true and correct copy of the foregoing document. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of this Court's electronic filing system.

              */s/ Laura K. Mummert*
              Laura K. Mummert