

March 27, 2023

<u>VIA ECF</u>
The Honorable Nitza I. Quiñones Alejandro
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

  **Re:**  ***In Re: Fedloan Student Loan Servicing Litig.*,***
      <u>**Case No. 2:18-md-02833 -NIQA (E.D. Pa.)**</u>

Dear Judge Quiñones:

  Plaintiffs write in response to PHEAA's March 22, 2023, Letter and Notice of Supplemental Authority concerning the non-precedential decision, *Berman v. Pa. Higher Educ. Assistance Agency*, No. 21-cv-00063, 2023 WL 2538956 (M.D.N.C. Mar. 16, 2023). *See* ECF No. 95. The Court should disregard *Berman* for three reasons:

  First, *Berman* was decided at the motion for summary judgment stage – after discovery had been completed. Indeed, the Court's decision was based on the contract and specific email communications between the Department and PHEAA that authorized the conduct at issue. *Id*. at *3. Here, the parties have not yet engaged in any discovery and Plaintiffs' motion for limited discovery is pending. A decision on this issue is premature.

  Second, *Berman* was decided under the Fourth Circuit's decision in *Cunnningham v. Gen. Dynamics Inco. Tech., Inc.*, 888 F.3d 640 (4th Cir. 2018), which held that derivative sovereign immunity is a jurisdictional issue. The Third Circuit has not directly addressed this issue, but as discussed in Plaintiffs' opposition to PHEAA's motion to dismiss, district courts in this Circuit, and other well-reasoned Circuit Courts, conclude that derivative sovereign immunity is an issue to be resolved on the *merits*. *See* Plaintiffs' Opp. at 30 (ECF No. 64). Accordingly, dismissal under Rule 12(b)(1) for lack of jurisdiction is improper.

  Third, in *Berman,* the parties did not dispute that the Department explicitly authorized PHEAA to inform the plaintiff that his employer did not qualify for PSLF. Here, Plaintiffs allege that PHEAA exceeded the authority in its contract by violating specific federal laws and directives that govern the federal student loan programs at issue. *See* Plaintiffs' Opp. at 31-34. Unlike in *Berman*, PHEAA "does not point to any evidence that … it simply followed the DOE's instructions" and "does not argue that the DOE instructed it to incorrectly report to borrowers the number of PSLF-qualifying payments borrowers made, to provide incorrect monthly payment amounts in IDR plans, to fail to recertify applications in a timely fashion, or any of the other conduct that forms the basis of the [] Complaint." *New York v. PHEAA*, No. 19-cv-9955, 2020 WL 2097640, at *7 (S.D.N.Y. May 1, 2020). "Such an argument would strain credulity." *Id*.

www.lowey.com
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035

 

March 27, 2023
Page 2

For these reasons and those set forth in Plaintiffs' opposition and sur-reply briefs, Plaintiffs respectfully request that PHEAA's (and the Department's) motions to dismiss be denied in their entirety. Plaintiffs also request oral argument to be held on Defendants' pending motions to dismiss.

Respectfully submitted,

_/s/ Laura Mummert_
**LOWEY DANNENBERG, P.C.**
100 Front Street, Suite 520
W. Conshohocken, PA 19428
Tel: (215) 399-4785
Fax: (914) 997-0035
Email: lmummert@lowey.com

*Co-Lead Counsel for Plaintiffs*

_/s/ Gary Lynch_
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
Email: gary@lcllp.com

*Co-Lead Counsel for Plaintiffs*

cc:     All Counsel of Record *via* ECF

www.lowey.com

One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035