**Ballard Spahr**
LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Jason A. Leckerman
Tel: 215.864.8266
Fax: 215.864.8999
leckermanj@ballardspahr.com

April 17, 2023

*By Electronic Filing*

The Honorable Nitza I. Quiñones Alejandro
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:     *In re: Fedloan Student Loan Servicing Litigation*, Dkt. No. 18-2833

Dear Judge Quiñones:

In support of its Motion to Dismiss (Doc. No. 55), Defendant Pennsylvania Higher Education Assistance Agency (PHEAA) respectfully submits this notice of supplemental authority concerning an opinion bearing on the issues in this case.

On March 30, 2023, in an opinion authored by Judge Gallagher, this Court dismissed in part a putative class action brought by sole proprietors against a private lender relating to loans under the Coronavirus Aid, Relief and Economic Security Act (CARES Act). *See Marshall v. Prestamos CDFI, LLC*, No. 5:21-cv-04337-JMG, 2023 U.S. Dist. LEXIS 54690 (E.D. Pa. Mar. 30, 2023) (attached as Exhibit A).[1] Granting in part the defendant's motion to dismiss pursuant to Rule 12(b)(1), the Court concluded that, as PHEAA argues here, the plaintiffs lacked standing to bring claims for a nationwide class under the laws of states in which they do not reside in or in which they were never injured. Ex. A at 13–14.

In support of its determination, the Court recognized precedent holding that "'[a] named plaintiff whose injuries have no causal relation to, or cannot be redressed by, the legal basis for a claim does not have standing to assert that claim.'" *Id.* at 13 (quoting *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 152 (E.D. Pa. 2009)). On that basis, the *Prestamos* court concluded:

> Here, Named Plaintiffs are sole proprietors who, at all times relevant, reside or resided in California, Pennsylvania, Connecticut, Missouri, Illinois, Washington, Michigan, Nevada, Ohio, and Arizona. Yet, Plaintiffs purport to bring this action on behalf of a "National Class." Named Plaintiffs do not have

---

[1]   The opinion is attached as Exhibit A.

The Honorable Nitza I. Quiñones Alejandro
April 17, 2023
Page 2

> standing to bring their claims under the laws of states in which they do not reside in or were never injured.

Ex. A at 13 (internal citations omitted).

The Court further elected to address this issue prior to class certification because the alternative "would allow named plaintiffs in a proposed class action, with no injuries in relation to the laws of certain states referenced in their complaint, to embark on lengthy class discovery with respect to injuries in potentially every state in the Union." Ex. A. at 14 (quoting *Lauren v. PNC Bank, N.A.*, 269 F.R.D. 389, 391 (W.D. Pa. 2014)). Then, at the close of discovery, "plaintiffs would apply for class certification, proposing to represent the claims of parties whose injuries and modes of redress they would not share," which "would present the precise problem that the limitations of standing seek to avoid." *Id.* The Court concluded that dismissing the claims on defendant's motion to dismiss would avoid the potential for "prolonged and expensive" discovery. *Id.*

PHEAA submits that, were the Court to hold that PHEAA is not entitled to derivative sovereign immunity as to all claims, this supplemental authority strongly supports its arguments for dismissal of many of Plaintiffs' claims on the basis of standing.[2]

Respectfully,

*[signature]*

Jason A. Leckerman
JAL/rm

cc: All Counsel of Record (via ECF)

---

[2] *See* Doc. No. 55-2, PHEAA Memorandum of Law in Support of Mtn. to Dismiss, at 38–40 (seeking dismissal of all state consumer action claims by Plaintiffs except California due to standing and dismissal of certain federal program-related claims due to lack of standing); Doc. No. 73, PHEAA Reply Memorandum in Support of Mtn. to Dismiss, at 2–3 (same).