## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: FEDLOAN STUDENT LOAN SERVICING LITIGATION | MDL Docket No. 18-2833 |
| ALL CASES | **HON. NITZA I. QUIÑONES ALEJANDRO** |

### PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING MOOTNESS

Plaintiffs submit this supplemental brief in response to the Court's April 4, 2023 Order that the parties file memoranda to discuss "the effect, if any, of Plaintiffs' class allegations on Defendants' mootness arguments" (ECF No. 97), and in further support of the arguments previously advanced in Plaintiffs' Opposition to the Department's motion to dismiss (ECF No. 65 at 28–32), Plaintiffs' sur-reply (ECF No. 77 at 4–5), and Plaintiffs' brief in response to Defendants' suggestion of mootness. (ECF No. 83).

### ARGUMENT

Even if the Court determines that one or more plaintiffs' *individual* claims became moot during the pendency of the litigation, the Court should nevertheless find that a live, justiciable controversy remains between the parties as to Plaintiffs' class action allegations under the relation back doctrine, and in particular, the "picking off" exception to mootness, which is uniquely applicable to class actions. The Court should reject Defendants' mootness arguments and deny Defendants' motions to dismiss on the remaining issues.

A.   **The Court Should Apply the Relation Back Doctrine if Any Plaintiff's Individual Claims Are Moot**

The Third Circuit recognizes that "'[i]n the class action context, special mootness rules apply' for determining at what point in time a named plaintiff must still have a personal stake in

1

the litigation to continue seeking to represent a putative class action." *Richardson v. Bledsoe*,
829 F.3d 273, 278–79 (3d Cir. 2016) (quoting *Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 343
(3d Cir. 2003)). Under one such rule—the relation-back doctrine—the named plaintiff is allowed
to "continue seeking class certification in certain circumstances even though his individual claim
for relief has become moot." *Richardson*, 829 F.3d at 279. "This doctrine permits courts to relate
a would-be class representative's (now moot) claim for relief back in time to a point at which
that plaintiff still had a personal stake in the outcome of the litigation." *Id.* "The plaintiff can thus
continue to represent, or seek to represent, a class of similarly situated persons despite no longer
having a justiciable claim for individual relief." *Id.* (citing *Cty. of Riverside v. McLaughlin*, 500
U.S. 44, 51 (1991)). Two circumstances that permit the Court to apply the relation back doctrine
in the class action context are known as the "picking off" exception and the "inherently
transitory" exception to mootness.

1. **The "Picking Off" Exception to Mootness Applies**

In *Richardson*, the Third Circuit examined the validity of applying the relation back
doctrine in the picking off scenario—where a named plaintiff's individual claim is mooted
through the actions of the defendant before a class is certified. *See generally Richardson*, 829
F.3d at 279–86. After reviewing Third Circuit history of the picking off exception, the Court
concluded that "[w]hen an individual plaintiff's claim for relief is acutely susceptible to
mootness and it is clear from the complaint that the plaintiff is seeking to represent a class, we
may relate such a claim back to the date of the filing of the class complaint." *Id.* at 286. The
picking off exception reflects a practical solution to the judicial economy problems posed when
defendants can moot class representatives' claims before the litigation makes progress. This
exception is applicable in "situations where the mooting of the individual claim 'occurred at so

early a point in litigation that the named plaintiff could not have been expected to file a class certification motion.'" *Id.* (quoting *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011)).

The Third Circuit explained that without this exception and a "fair opportunity" for the plaintiff to move for class certification, plaintiffs and defendants would engage in a race in which the plaintiff would file an undeveloped motion for class certification as early as possible to avoid any "picking off." *See Richardson*, 829 F.3d at 283–84. The picking off exception thus has "the salutary effect of discouraging these premature motions in favor of motions brought within a reasonable period of time and after proper factual development of the claims has occurred." *Id.* at 284. "This is so because a plaintiff, by waiting until it would be appropriate to seek class certification, does not run the risk of having the entire class action mooted in the interim." *Id.*

The Third Circuit recognized the Supreme Court's practical concern that mootness caused by picking off efforts create judicial inefficiencies. *Id.* at 280 (citing *Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326 (1980)). The Supreme Court expressly observed that "[r]equiring multiple plaintiffs to bring separate actions … obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." *Roper*, 445 U.S. at 339.

The Third Circuit rejected adoption of a *per se* rule requiring a plaintiff to formally move for class certification in order to benefit from the relation back doctrine, opting instead for a case-specific analysis of whether the Plaintiff "unduly delayed" seeking certification. *Richardson*, 829 F.3d at 288–89.

Here, assuming *arguendo* that one or more of Plaintiffs' individual claims are deemed moot, the picking off exception to mootness applies. As an initial matter, the programmatic and

statutory changes that purportedly moot Plaintiffs' individual claims, *i.e.*, the TEACH Grant Reconsideration Process, a newly enacted statutory TEACH Grant reconsideration process, and the Limited PSLF Waiver, occurred well after Plaintiffs commenced their class action.

Furthermore, this case remains in the early motion to dismiss stage and Plaintiffs have not had a fair opportunity to take discovery and move for class certification. Indeed, Plaintiffs have *never* had an opportunity to conduct discovery to support a class certification motion (or for any other purpose) because discovery has been stayed in this case since July 25, 2018, shortly after the actions were centralized in this District. *See* ECF No. 9 at p. 3 ("All discovery proceedings in these actions are stayed until further Order of this Court …"). Defendants' motions to dismiss have been pending and fully briefed since September 2020, and the litigation has made no procedural progress since then. For these reasons, Plaintiffs have not unduly delayed formally moving for class certification.

Also, Plaintiffs have acted with sufficient diligence to invoke the relation back doctrine by filing their consolidated amended class action complaint and responding to Defendants' motions to dismiss. In all of those filings, Plaintiffs brought their claims on behalf of themselves *and* proposed classes, and included proposed class definitions and the factual allegations Plaintiffs contend support the propriety of class certification. *See* Compl. ¶¶ 576–587.  The *Richardson* court equated similar actions by the plaintiff in that case to "presenting" the issue to the district court "without undue delay," thereby permitting the application of the relation back doctrine. 829 F.3d at 287–89 ("Richardson's amended complaint made it clear that he was seeking certification under Rule 23(b)(2) and Defendants' motion to dismiss recognized that fact.").

If the Court finds any individual Plaintiffs' claims are moot as a result of the Defendants' voluntary actions during the pendency of the litigation, it should follow *Richardson*, apply the picking off exception, and allow the case to proceed.

**2.      The "Inherently Transitory" Exception to Mootness Is Also Applicable**

The relation back doctrine is also applicable under the exception to mootness for claims that are "inherently transitory." *Salazar v. King*, 822 F.3d 61, 73 (2d Cir. 2016). "Under that exception, a case will not be moot, even if the controversy as to the named plaintiffs has been resolved, if: (1) it is uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the class; and (2) there will be a constant class of persons suffering the deprivation complained of in the complaint." *Id.* (citations and internal quotation marks omitted). As Plaintiffs previously explained, this exception is applicable here with respect to certain claims, particularly the TEACH and PSLF Plaintiffs. *See* ECF No. 83 at 2–8.

With respect to the TEACH Plaintiffs, the Department touted the statutory creation of a new reconsideration process for TEACH grants that have been incorrectly converted to loans. *See* ECF No. 80 at 2. But as Plaintiffs explained in response, the Department has made no showing that this process or any other recent statutory change has demonstrably reduced the likelihood of future erroneous conversions in the first instance. ECF No. 83 at 2–4. Thus, even if every improper conversion is eventually reconsidered and reversed, there will continue to be a "constant class" of borrowers experiencing improper conversions and the inconveniences and financial costs associated with them.

As for the PSLF Plaintiffs, the relief provided by the Limited PSLF Waiver was temporary and expired in October 2022. It provides no relief for future PSLF borrowers who

experience the same type of ongoing conduct alleged by Plaintiffs. Furthermore, the PSLF

Limited Waiver has done nothing to fix some of the underlying deficiencies that contribute to the

misconduct alleged, including Defendants' inability to maintain proper loan payment records and

data. Compl. at ¶¶ 527–43.

## <u>CONCLUSION</u>

These consolidated actions raise issues of national importance regarding the

administration of federal student loans in compliance with specific statutory and regulatory

requirements. The Department has failed to show that the errors and omissions described in

Plaintiffs' Consolidated Amended Class Action Complaint have been permanently rectified, or

that no future borrowers will experience the same harms as Plaintiffs. For these reasons and

those expressed in Plaintiffs' opposition papers to Defendants' Motions to Dismiss and

Suggestions of Mootness, the Court should reject Defendants' mootness arguments, or in the

alternative, apply the relation back doctrine under the exceptions described above.

Dated: April 18, 2023                          Respectfully Submitted,

*/s/ Laura K. Mummert*                         */s/ Gary F. Lynch*
Laura K. Mummert (PA ID 85964)                 Gary F. Lynch (PA ID 56887)
Anthony M. Christina (PA ID 322528)            Jamisen A. Etzel (PA ID 311554)
William J. Olson (PA ID 322948)                **LYNCH CARPENTER LLP**
**LOWEY DANNENBERG, P.C.**                     1133 Penn Avenue, 5th Floor
One Tower Bridge                               Pittsburgh, PA 15222
100 Front Street, Suite 520                    Telephone: (412) 322-9243
West Conshohocken, PA 19428                    gary@lcllp.com
Telephone: (215) 399-4770                      jamisen@lcllp.com
lmummert@lowey.com
achristina@lowey.com
wolson@lowey.com

*Co-Lead Counsel for Plaintiffs and the*       *Co-Lead Counsel for Plaintiffs and the*
*Proposed Class*                               *Proposed Class*

**<u>CERTIFICATE OF SERVICE</u>**

I, Laura K. Mummert, hereby certify that on April 18, 2023, I filed and served through the Court's ECF system a true and correct copy of the foregoing document. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of this Court's electronic filing system.

*/s/ Laura K. Mummert*
Laura K. Mummert