

April 25, 2023

**VIA ECF**
The Honorable Nitza I. Quiñones Alejandro
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      Re:   *In Re: Fedloan Student Loan Servicing Litig.*,
              <u>Case No. 2:18-md-02833 -NIQA (E.D. Pa.)</u>

Dear Judge Quiñones:

      Plaintiffs write in response to PHEAA's April 17, 2023 Letter and Notice of Supplemental Authority concerning the non-precedential decision, *Marshall v. Prestamos CDFI, LLC,* 21-CV-04337-JMG, 2023 WL 2727541 (E.D. Pa. Mar. 30, 2023). ECF No. 98. PHEAA's reliance on the decision in *Marshall*—a case implicating standing as it relates to the CARES Act and not the statutory student loan scheme at issue here—to argue the named Plaintiffs lack standing is simply a retread of arguments it has made before.

      However, as Plaintiffs previously argued,[1] PHEAA improperly conflates issues of standing with issues concerning Rule 23 class certification. As the majority of the courts in this Circuit have found,[2] whether a named Plaintiff can properly represent class plaintiffs in different states, and the extent to which common issues predominate across the putative class members, are all facts to be resolved at the class certification stage, not on a motion to dismiss, as PHEAA improperly contends. *Ramirez v. STi Prepaid LLC*, 644 F. Supp. 2d 496, 505 (D.N.J. 2009) ("[T]he fact that the named Plaintiffs may not have individual standing to allege violations of . . . laws in states other than those in which they purchased Defendants' [products] is immaterial" at

---

[1] *See e.g*. ECF No. 64.

[2] *Id*. at 41–42. *See also In re Chocolate Confectionary Antitrust Litig*., 602 F. Supp. 2d 538, 579–80 (M.D. Pa. 2009) ("Therefore, the standing issues arise from the plaintiffs' attempts to represent the proposed class...[t]hese class certification issues are 'logically antecedent' to the standing concerns, and the court will defer ruling on the latter until class certification proceedings."); *In re Generic Pharm. Pricing Antitrust Litig*., 368 F. Supp. 3d 814, 831 (E.D. Pa. 2019) ("Because the state law claims of the named [plaintiffs] largely parallel those of the putative class members, it is both proper and more efficient to consider whether they may pursue their claims on behalf of the unnamed class members in the context of the class certification analysis required under Rule 23..."); *Avenarius v. Eaton Corp*., 898 F. Supp. 2d 729, 736 (D. Del. 2012) ("Courts 'generally address challenges to standing as a threshold matter[;]' however, in class actions 'the Supreme Court has crafted an exception to this general rule: Courts may evaluate class certification issues before Article III standing concerns if the former are 'logically antecedent' to the latter.").

www.lowey.com

One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035

 

April 25, 2023
Page 2

the motion to dismiss stage and "[are issues] to be resolved at the class certification stage of the litigation.").³

This is particularly true where, as here, the named Plaintiffs and class members' interests are closely aligned. *See In re Buspirone Patent & Antitrust Litig.*, 185 F. Supp. 2d 363, 377 (S.D.N.Y. 2002) (holding that when named plaintiffs have standing to bring at least some claims, and the class action raises common issues that would establish liability under a number of different states' laws, "it is appropriate to decide class certification before resolving alleged Article III challenges..."). The decision in *Marshall* which PHEAA points this Court to does nothing to change this fact.

Furthermore, the dismissal of Plaintiffs' state law claims at the infancy of this litigation would be a burden on judicial time and resources, and would create inefficiencies undermining the purpose of class action litigation. *See Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1231 (S.D. Fla. 2015) ("dismissal of the putative nationwide class claims prior to the Court's consideration of class certification under Rule 23 ... would in effect impose a requirement that, in a multistate class action involving state common law claims, there be a named plaintiff from every state."). Forcing class members to file untold numbers of individual lawsuits in order to recover for the harm caused by PHEAA's improper conduct is what the class action regime is designed to avoid. *See e.g.*, Kaplan, A Prefatory Note, 10 B. C. Ind. & Com. L. Rev. 497, 497 (1969) (stating the beneficial purposes behind class action litigation).

PHEAA's highlighting of the court's decision in *Marshall* just repackages the standing arguments it already made, and which the majority of courts in this Circuit have found unpersuasive. Questions regarding the scope of a class that the named Plaintiffs can represent will necessarily be resolved during the class certification process, not at the current procedural posture.

For these reasons and those set forth in Plaintiffs' opposition and sur-reply briefs, Plaintiffs respectfully request that PHEAA's (and the Department's) motions to dismiss be denied in their entirety. Plaintiffs also request oral argument to be held on Defendants' pending motions to dismiss.

---

³ *See also Amchem Prods. v. Windsor*, 521 U.S. 591, 612 (1997) (holding that class certification issues were "logically antecedent" to any Article III standing issues); *In re Grand Theft Auto Video Game Consumer Litig. (No. II)*, 06-1739(SWK)(MHD), 2006 WL 3039993, at *3 (S.D.N.Y. Oct. 25, 2006) ("[T]he alleged standing problems in this case arise only because the Named Plaintiffs are attempting to bring claims on behalf of a nationwide class. As a result, class certification is logically antecedent to standing and the Court will defer consideration of standing until after the class certification issue has been resolved.).

www.lowey.com
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035

 

April 25, 2023
Page 3

Respectfully submitted,

| | |
|---|---|
| */s/ Laura Mummert* | */s/ Gary Lynch* |
| **LOWEY DANNENBERG, P.C.** | **LYNCH CARPENTER LLP** |
| 100 Front Street, Suite 520 | 1133 Penn Avenue, 5th Floor |
| W. Conshohocken, PA 19428 | Pittsburgh, PA 15222 |
| Tel: (215) 399-4785 | Tel: (412) 322-9243 |
| Fax: (914) 997-0035 | Fax: (412) 231-0246 |
| Email: lmummert@lowey.com | Email: gary@lcllp.com |
| | |
| *Co-Lead Counsel for Plaintiffs* | *Co-Lead Counsel for Plaintiffs* |

cc:    All Counsel of Record *via* ECF

www.lowey.com
One Tower Bridge, 100 Front Street, Suite 520, West Conshohocken, PA 19428 (p) 215-399-4770 (f) 610-862-9777
44 South Broadway, Suite 1100, White Plains, NY 10601-4459 (p) 914-997-0500 (f) 914-997-0035