UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: FEDLOAN STUDENT LOAN SERVICING LITIGATION | MDL Docket No. 18-2833 |
| ALL CASES | Hon. Nitza I. Quiñones Alejandro |

**DEFENDANT PHEAA'S SUPPLEMENTAL MEMORANDUM OF LAW**

Per this Court's August 27, 2024 Order, Defendant Pennsylvania Higher Education Assistance Agency (PHEAA) submits the following memorandum of law addressing Plaintiffs' challenges to Defendants' mootness arguments with respect to Plaintiffs Arielle Anderson, Tanuja Goulet Arany, Amanda Leone, Andrea Davis, Arianne Gallagher, and Meagan Pryor.

At the outset, Plaintiffs' August 16, 2024 submission identifies only a small portion of the Consolidated Amended Class Action Complaint (the Complaint) that is ostensibly *not* moot—specifically, claims based on IDR-related conduct. *See* ECF 113, at 2–3 (citing Complaint ¶¶ 27, 35, 126, 176–78, 403–68). As a result, this Court should construe Plaintiffs' submission as an admission (and, in the alternative, find on the merits) that all claims predicated upon TEACH- and PSLF-related conduct (set forth at Complaint ¶¶ 354–88 and 469–78, and not addressed in Plaintiffs' August 16 submission) are moot.

Plaintiffs' August 16, 2024 submission makes two arguments. First, Plaintiffs identified three IDR Plaintiffs with open accounts (Anderson, Arany, and Leone) who allegedly have increased account balances caused by erroneously capitalized interest, which may cause them to pay more interest over time (or pay more to satisfy their loans immediately) than they otherwise

would. *See* ECF 113, at 2–3.[1] Although these IDR Plaintiffs' claims may not yet be moot, Plaintiff Anderson is only 15 months away from PSLF loan forgiveness, and Plaintiffs Arany and Leone have made progress toward IDR forgiveness. Bulman Decl. at ¶ 14.a, b, d. Further, the Department has noted that it "continues to review borrower records and future review may result in some plaintiffs having additional payments qualify toward loan forgiveness." *Id.* at ¶ 14.f. As a result, good reason exists to believe that the IDR-related claims of the few named Plaintiffs with open federal student loans will be moot soon.

Second, Plaintiffs contend that certain Named Plaintiffs with admittedly forgiven or paid-in-full loans (Davis, Gallagher, and Pryor) may not have received refunds for overpayments, may have received loan forgiveness belatedly, and may not have received interest on refunded overpayments. *See* ECF 113, at 3–4. These highly speculative arguments go well beyond the Complaint, which does not set forth facts that would allow a factfinder to conclude that *any* Plaintiff did not receive post-forgiveness refunds, that *any* Plaintiff received forgiveness belatedly, or that *any* Plaintiff did not receive interest on refunded overpayments. This is self-evident, because the Complaint does not acknowledge *at all* that the loans at issue were forgiven or repaid, or the date or amount of such forgiveness or repayment.

Further, based on the hundreds of pages of borrower records filed by the Department of Education (showing exactly when each borrower received forgiveness, the amount of forgiveness, and the months for which they received loan forgiveness credit), Plaintiffs have now had ample opportunity to identify concrete respects in which their claims are not moot. But they have conspicuously declined to do so. Instead, they argue that they cannot say whether any

---

[1]   Inclusive of those three, only five Named Plaintiffs have open federal student loans. *See* ECF 112-1, Decl. of C. Bulman (Bulman Decl.), at ¶ 14.

single Plaintiff is actually damaged or not without "a full review of the evidence." Apart from being an admission that the putative IDR class is uncertifiable based on the predominance of individualized issues, this request has things backward. Where the evidence of record is that most Plaintiffs' federal student loans have been forgiven (and Plaintiffs have raised no allegations to contend otherwise), Plaintiffs cannot sustain their Complaint based on the mere possibility that discovery will reveal as-yet-unpleaded damages. *See Davis v. Wells Fargo*, 824 F.3d 333, 351 (3d Cir. 2016) (holding that a plaintiff "must allege facts giving rise to a ***reasonable inference*** that discovery will reveal evidence that . . . [he] suffered damages") (emphasis added); *Brunson Communs. v. Arbitron, Inc.*, 266 F. Supp. 2d 377, 381 (E.D. Pa. 2003) (dismissing claim for failure to "plead any specific amount or type of damages").

For the reasons set forth at greater length in Defendants' Suggestions of Mootness (ECF Nos. 80, 81), PHEAA's motion to dismiss (ECF Nos. 55-2, 73), and PHEAA's related briefing and notices of supplemental authority (ECF Nos. 60, 78, 95, 98, 99), PHEAA submits that the Named Plaintiffs' claims should be dismissed as moot.

DATED:  September 9, 2024                              Respectfully submitted,

*/s/ Jason A. Leckerman*
Jason A. Leckerman
Thomas F. Burke
Brittany M. Wilson
**BALLARD SPAHR LLP**
1735 Market St., 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 864-8500
Facsimile: (215) 864-8999
*Attorneys for Defendant Pennsylvania Higher Education Assistance Agency*

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2024, I caused to be served a true and correct copy of the foregoing Supplemental Memorandum of Law upon all counsel of record by ECF filing.

DATED:  September 9, 2024

/s/ Thomas F. Burke
Thomas F. Burke
**BALLARD SPAHR LLP**