IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: FEDLOAN STUDENT LOAN SERVICING LITIGATION | MDL Docket No. 18-2833 |
| ALL CASES | Hon. Nitza I. Quiñones Alejandro |

**PROPOSED ORDER REGARDING**
**CONFIDENTIALITY OF DISCOVERY MATERIAL**

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.  As used in this Order, the term "discovery material" shall encompass all information contained in documents, computer data and reports, deposition testimony and exhibits, interrogatory answers, responses to requests for admission, responses to requests for production of documents, pleadings, motions, briefs, affidavits, and any other written, recorded, computerized, electronic, transcribed, or graphic matter produced, compiled, generated, given, or filed by any party or obtained by any party prior to the close of discovery in this lawsuit, and any copies thereof.  "**Producing party**" and "**designating party**" may include any person or entity, whether or not a party, who provides discovery material.

2.       This Order is binding upon the parties to the lawsuit, their respective attorneys, agents, representatives, officers, employees, consultants, retained experts, and others as set forth in this Order. This Order is further binding upon any person(s) or entity joined to this action in the future.

3.       A subpoenaed third party who so elects may avail itself of, and agree to be bound by, the terms and conditions of this Order and thereby become a producing party for purposes of this Order.  The parties, in conducting discovery from third parties, shall attach to such discovery requests a copy of this Order so as to apprise such third parties of their rights herein.  A third party who elects to become a producing party for purposes of this Order shall provide written notice thereof to the party requesting discovery (the "**requesting party**").  Upon receiving such notice, the requesting party shall notify all other parties to the proceeding that the discovery received from the third party is subject to the terms and conditions of this Order.

4.       All discovery material shall only be used or disclosed by a recipient in connection with this lawsuit and shall not be used or disclosed by a recipient for any other purpose.  As set forth below, discovery material designated as "**CONFIDENTIAL**" or "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**" (collectively, "**confidential discovery material**") shall not be disclosed by the recipient, except as specified under the terms of this Order. A party that receives discovery material marked "Confidential" or "Confidential – Attorneys' Eyes Only" shall be responsible for ensuring that such material is not further disclosed except as permitted by this Order.

5.       A producing party may designate as "**CONFIDENTIAL**" material that has been or will be made available in this lawsuit by affixing or noting in a conspicuous place on the discovery material the label "**CONFIDENTIAL**."  A producing party shall make such

designation only with respect to discovery material that it produced in the Litigation which it believes, in good faith, to be (a) non-public personal information that is protected from disclosure by state or federal privacy laws; (b) information the disclosure of which is prohibited or limited by statute, court order and/or other applicable rule; or (c) material revealing proprietary, financial, and/or commercially sensitive data, trading, marketing, or planning information, and similar categories of information not known to the general public.

6. Discovery material designated "**CONFIDENTIAL**" may be inspected and disclosed only to the following persons:

(a) the parties, including the directors, officers, and employees of the parties to the lawsuit and their subsidiaries and affiliates, and counsel for the parties in this lawsuit, including inside counsel of any party who is assisting in the preparation of that party's case;

(b) employees of such counsel engaged in assisting counsel in the preparation of this lawsuit including but not limited to secretaries and paralegal assistants;

(c) court officials involved in the lawsuit, including court reporters and persons operating video recording equipment at depositions;

(d) witnesses, provided that (1) discovery material is used in connection with the examination of the witness; (2) counsel using such documents or information believes in good faith that such use is necessary or appropriate; and (3) the witness is first provided with a copy of this Order and executes Exhibit A, or is the author, recipient or an addressee (including as a "cc" or "bcc") of such discovery material;

(e) independent contractors, outside consultants and experts and their staff consulted or retained by a party for the purpose of assisting in the prosecution or defense of the lawsuit, provided that such persons shall be given a copy of this Order, shall be advised that they are bound by it, and sign Exhibit A;

(f) Any professional vendors – person or entities and their employees or subcontractors that perform copying, organizing, filing, coding, conversion, translating, and storing, or data retrieval services, or preparing exhibits or demonstrations, provided that such persons shall be given a copy of this Order, shall be advised that they are bound by it, and sign Exhibit A; and

(g) any other person who is designated as an authorized person by Order of this Court, after notice to the parties, or by agreement with the designating party.

7. A producing party may designate as "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**" confidential material that has been or will be made available in this lawsuit by affixing in a conspicuous place on the discovery material the label "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**." Material designated "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**" shall only include that subset of **CONFIDENTIAL** materials which are so sensitive and/or proprietary that the producing party reasonably believes disclosure to the receiving party may cause competitive or other business injury to the producing party, including trade secrets, proprietary information, financial information, and/or commercially valuable information that the respective parties maintain in confidence in the ordinary course of business.

8. Access to discovery material designated "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**" shall be limited as follows:

(a) outside attorneys of record for the parties in this lawsuit and the staff of their respective law firms working on this case;

(b) the clerical employees of such counsel actually assisting such counsel in preparation of this case, provided, however, that such employees have access to material designated "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**" only to the extent necessary to perform their duties;

(c) non-party experts or consultants including their secretarial and clerical personnel retained to assist counsel of record in this case, who become qualified to receive material designated under this Protective Order;

(d) deponents or hearing witnesses (and their counsel, if any) to the extent reasonably deemed by counsel to be necessary in good faith in connection with that person's testimony or counsel's preparation of their case;

(e) the Court and Court personnel in accordance with the procedures set forth below;

(f) stenographic reporters and persons operating video recording equipment engaged for depositions or other proceedings necessary for the conduct of this case;

(g) outside photocopying, data processing or graphic services employed by a party or its counsel to assist in this litigation; and

4

    (h)    a person who authored or received the particular information sought to be disclosed to that person.

9. Information designated as "**CONFIDENTIAL – ATTORNEYS' EYES ONLY**" may be interpreted or described by counsel of record, in the most general terms only, to the parties they represent in this action.

10. Counsel for any producing party may designate so much of any transcript of any deposition "**CONFIDENTIAL**" or "**CONFIDENTIAL – ATTORNEY'S EYES ONLY**" as containing the types of information specified above by making a statement on the record during the course of the depositions or by giving notice to the court reporter and all other parties in writing served within ten (10) business days of receipt of notice from the court reporter that the transcript of such deposition is available for inspection and review. Until such ten (10) business-day time period expires, all parties shall treat the deposition as confidential.

11. To the extent deposition testimony, or other pretrial testimony or statements are designated as "**CONFIDENTIAL**" or "**CONFIDENTIAL – ATTORNEY'S EYES ONLY**" and to the extent discovery material designated confidential is disclosed, or otherwise communicated to a person in a deposition, the court reporter shall affix the appropriate legend on the face of the transcript and shall indicate in a prominent place the specific transcript pages and/or exhibits that have been so designed. The final transcript of the deposition containing any confidential designations shall be prepared and disseminated by the court reporter after the expiration of the ten (10) day period set forth in paragraph 10.

12. A deponent shall not be permitted to retain copies of confidential discovery material unless the deponent is otherwise entitled to receive and retain such copies under the terms of this Order. A deponent's counsel shall not be permitted to retain any copies of

confidential discovery material unless such counsel represents one of the parties in this lawsuit or is otherwise entitled to receive and retain such copies under the terms of this Order. Nothing in this paragraph shall prevent a deponent or a deponent's counsel from having reasonable access to the deponent's deposition for purposes of executing the deposition, preparing to testify further in this lawsuit, reviewing the transcript following the deposition, or for other purposes specially agreed to by the parties.

13. Producing parties may designate discovery material produced in the form of electronic media, such as computer disks and tapes, as confidential discovery material in accordance with the provisions of this Order. Any hard copies generated from electronic media shall likewise be designated and all such copies shall be treated in the same way they would be treated under this Order if they originally had been produced in hard copy and so designated. All persons who use or review any designated electronic media or hard copies thereof shall be instructed to comply with the provisions of this Order. Any party printing hard copies from electronic media and using those hard copies outside the party's own offices shall designate the hard copies as appropriate.

14. If any party objects to a party's or non-party's designation of discovery material as confidential, based upon a good faith belief that the discovery material is not entitled to such protection, counsel for the objecting person shall state the objection in writing to counsel for the designating party or nonparty within sixty (60) days of receipt of the designation. Upon receipt of the writing containing such objection, counsel for the person that designated such discovery material shall have ten (10) days to confer with counsel for the objecting person and respond to the request and objections. If, at the end of the ten (10) day period, the objecting and designating parties are unable to agree on the propriety of the objected-to designation(s), the objecting party

may apply to the Court for an order changing or reviewing the designation. The designating party shall have fourteen (14) days to respond to such application and shall have the burden of demonstrating that the designation was proper under the terms of this Order. Any discovery material that has been designated as confidential shall be treated as properly designated until such time as the Court rules that such discovery material should not be so treated.

15. Agreements to be bound by the Protective Order (Exhibit A) signed by consultants and non-testifying experts of the parties of this litigation shall be deemed the work product of counsel obtaining them and shall not be disclosed unless so ordered by the Court.

16. Documents may be filed under seal only as provided in the applicable local rules. In the event any party intends to file with the Court a document designated as confidential (or containing information designated as confidential) by another party, whether as a motion exhibit or otherwise, the filing party shall give the designating party sufficient advance notice thereof to seek the Court's approval to file the confidential document under seal as provided in the applicable local rules. The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

17. Nothing herein shall be construed to prejudice any party's rights to use at trial or in any proceedings in this lawsuit any confidential discovery material.

18. Nothing herein shall be construed to affect in any way the admissibility of any evidence at trial or in any pretrial hearing or other proceedings.

19. Nothing herein shall preclude any party from asserting, if applicable, the attorney-client privilege, a claim of work product protection, or any other applicable privilege or

protection as to any discovery material, or to assert any defense or objection to the use of such information at trial.

20.  Any party that has designated any discovery material as confidential pursuant to this Order may consent that the designation of such discovery material be removed or revoke such designation by so notifying counsel for all other parties in writing.

21.  If any designation of discovery material as confidential is withdrawn voluntarily or by order of the Court, all other parties to the lawsuit shall be notified of such change. Nothing contained in this Protective Order shall preclude any party from using its own confidential or privileged information in any manner it sees fit, without prior consent of any party or the Court. If a producing party knowingly discloses its own confidential or privileged information in a pleading or motion filed in the Court's public record or in a publication disseminated to the general public, the producing party shall be deemed thereby to have consented to the removal of that designation with respect to the information disclosed.

22.  If a party believes that discovery material has been produced which is protected by the attorney-client privilege or work-product doctrine, or any other applicable privilege or protection, the party asserting such privilege or protection may so notify the receiving party, and the receiving party shall promptly return the discovery materials to the party asserting the privilege or protection, shall destroy all copies of such materials, and shall not make any use or disclosure of the contested material.  Any such discovery material shall be treated as privileged unless and until such time, if any, that the Court rules that such discovery material should not be treated as privileged.

23.  Inadvertent production of any document or information without an appropriate designation of confidentiality will not be deemed to waive a later claim as to its confidential

nature or stop the producing party from designating said document or information as confidential at a later date by complying with the provisions of this Order. Disclosure of said document or information by any party prior to such subsequent designation shall not be deemed a violation of the provisions of this Order, provided, however, that any party that disclosed the re-designated material shall make a good faith effort to promptly procure all copies of such re-designated material from any persons known to have possession of any such re-designated material who are not entitled to receive such materials under this Order, and to have all undesignated copies of such documents returned and destroyed.

24. If another court or an administrative agency subpoenas or orders production of confidential discovery material that a party has obtained under the terms of this Order, such party shall notify in writing the party or other person who designated the document as confidential of the pendency of such subpoena or order and provide that party the opportunity to respond to the subpoena or order for production before such documents are produced.

25. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits or from seeking any other similar relief pursuant to the applicable local rules.

26. Within thirty (30) days after the conclusion of all proceedings in this lawsuit, whether by judgment, settlement, or otherwise, including any appeals related thereto, all documents governed by the terms of this Order and all copies of such documents not on file with the Court shall, upon written request of the producing party, be returned to counsel for the producing party or otherwise destroyed. Notwithstanding the foregoing, counsel may retain their work product, court filings and official transcripts, and exhibits, provided that the party that retains the material designated as confidential continues to treat such material in the manner provided herein.

27. Nothing herein shall prevent any party, or third party, on notice to all parties, from applying to the Court for a modification of this Order.

28. This Order shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive the termination of this lawsuit. The Court shall have continuing jurisdiction to modify, amend or rescind this Order notwithstanding the termination of this lawsuit.

**SO ORDERED on this \_\_\_\_\_ day of _____, 2024**

_____
**NITZA I. QUIÑONES ALEJANDRO, DISTRICT JUDGE**

**CONSENTED AND AGREED:**

| | |
|---|---|
| */s/ Laura K. Mummert* | */s/ Thomas F. Burke* |
| Laura K. Mummert | Jason A. Leckerman |
| Anthony M. Christina | Thomas F. Burke |
| William Olson | Brittany M. Wilson |
| **LOWEY DANNENBERG, P.C.** | **BALLARD SPAHR LLP** |
| One Tower Bridge | 1735 Market St., 51st Floor |
| 100 Front Street, Suite 520 | Philadelphia, PA 19103-7599 |
| West Conshohocken, PA 19428 | Telephone: (215) 864-8500 |
| Telephone: (215) 399-4770 | Facsimile: (215) 864-8999 |
| lmummert@lowey.com | leckermanj@ballardspahr.com |
| achristina@lowey.com | burket@ballardspahr.com |
| wolson@lowey.com | wilsonbm@ballardspahr.com |
| | |
| Gary F. Lynch | *Attorneys for Defendant Pennsylvania Higher* |
| Jamisen A. Etzel | *Education Assistance Agency* |
| **CARLSON LYNCH, LTD.** | |
| 1133 Penn Avenue, 5th Floor | |
| Pittsburgh, PA 15222 | |
| Telephone: (412) 322-9243 | |
| glynch@carlsonlynch.com | |
| jetzel@carlsonlynch.com | |

*Co-Lead Counsel for Plaintiffs*


*/s/ James Bickford*
James Bickford
Terrance A. Mebane
**UNITED STATES DEPARTMENT OF JUSTICE**
Civil Division
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 305-0612
james.bickford@usdoj.gov
terrance.a.mebane@usdoj.gov

*Counsel for the United States of America*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: FEDLOAN STUDENT LOAN SERVICING LITIGATION | MDL Docket No. 18-2833<br><br>Hon. Nitza I. Quiñones Alejandro |

**DECLARATION OF _____ UNDER**
<u>**STIPULATED PROTECTIVE ORDER**</u>

I, _____ being duly sworn, declare as follows:

1. My address is

2. My present employer is

3. My present occupation or job description is

4. I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

5. I will comply with all of the provisions of the Protective Order. I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index, or description, in confidence, and I will not disclose such material to anyone not qualified under the Protective Order. I will not use any Confidential Material disclosed to me for any purposes other than this case.

6. I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by whom I am retained or employed, or from whom I received such material.

       7.      I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania for the purpose of enforcement of the Protective Order in this case.

      I declare under the penalty of perjury that the foregoing is true and correct.

Dated: _____ \_\_\_, 20\_\_